Burke, J.
Granite Worsted Mills, Inc. (“ Seller ”) made two sales of certain cloth goods to Aaronson Cowen, Ltd. (“ Buyer ”) to be used in the manufacture of sport coats. In each case, sales agreements were employed which included broad arbitration clauses and clauses which limited the buyer’s damages for defective goods. Paragraph 12 of each of the sales agreements contained the following language: ‘ ‘ Arbitration. Any controversy or claim arising out of or relating to this contract shall be settled by arbitration ”.
With respect to the goods delivered pursuant to each of the sales agreements, the buyer complained to the seller that there were defects and thereafter filed a demand for arbitration of the dispute according to the terms of the sales agreements. The total purchase price for the goods shipped under both agreements was less than $1,000 but the buyer’s demand for damages amounted to more than $7,000. Paragraph 6 of each of the sales agreements provided as follows: "Defective goods. No goods shall be returned by Buyer unless such return is authorized by Seller. No goods shall be returned nor allowance made, unless defective. Buyer shall be deemed to have accepted goods and his right to reject or claim damages for breach of warranty or otherwise shall expire 15 days after invoice date. Notwithstanding the foregoing, sponging, cutting or otherwise processing goods constitutes final acceptance and waiver of any defect in the goods. If within 15 days after invoice date and before the goods have been sponged, cut or otherwise processed, Buyer notifies Seller in writing of a claimed defect, Buyer shall, together with his notice of claim, offer Seller, in writing, prompt opportunity to examine the goods. Failure to do so constitutes acceptance and waiver of all claims for defects. If Seller *454 determines claim to be valid, it or Mills may replace defective goods within a reasonable time. In such event Seller or Mills shall not be liable for any damages arising from the defective delivery or the -delay caused thereby. Buyer shall not he entitled to claim or recover consequential damages for defective goods (whether the defect he latent or otherwise), nor for manufacturing, processing or selling expenses or for the loss of contemplated use or profits; and in all events Buyer’s damages shall not exceed the difference in value on date of delivery between goods specified and goods actually delivered.” (Emphasis added.) The parties proceeded to arbitration and the arbitrator made an award in the amount of $3,780.51. The Seller moved at Special Term to vacate the award pursuant to CPLR 7511 (subd. [b], par. 1, cl. [iii]) on the ground that the arbitrator had exceeded his powers in granting damages in excess of the total sales price of the goods, the maximum allowable under paragraph 6 of the sales agreements which limited the buyer’s damages to the difference in value between the goods specified and the goods actually delivered. The buyer cross-moved to confirm the award and resisted the motion to vacate by contending that the arbitrator had refused to apply the damage limitations contained in paragraph 6 “ in light of trade and industry practice.” Special Term granted the motion to vacate the award and denied the cross motion to confirm on the ground that the arbitrator had exceeded his powers since a “ [d]amage limitation may not be disregarded if to do so would result in making a new contract and imposing an additional obligation. ’ ’ The Appellate Division, First Department, reversed in an opinion by Justice Rabin (29 A D 2d 303) and held that, in light of the broad arbitration clause, it could not be said that the arbitrator had exceeded his powers. Justice Steueb, dissented on the ground that the arbitrator, in awarding the buyer consequential damages, was not making an “ interpretation ” of the contract but, in disregarding its express terms, was in effect making a new contract for the parties with obligations which neither party had contracted for.
It is clear that an arbitrator’s award may be vacated only upon the grounds specified in the statute (CPLR 7511 subd. [b]) and that, if the party moving to vacate cannot establish one of the statutory grounds, the award must be confirmed. In this *455 case, the seller moved to vacate under CPLR 7511 (subd. [b], par. 1, cl. [iii]) which provides that an award shall be vacated if the moving party’s rights were prejudiced by the fact that ‘ ‘ an arbitrator, or agency or person making the award exceeded his power”. The case law applying this subdivision, as well as the case law applying its predecessors (Civ. Prac. Act, § 1462, subd. 4; Code Civ. Pro., § 2374) makes it clear that a mere error committed by the arbitrator as to questions of fact or law is insufficient to establish that excess of power necessary to vacate the award (Matter of Wilkins, 169 N. Y. 494; Matter of Dembitzer [Gutchen], 3 A D 2d 211; Matter of Campe Corp. [Pacific Mills], 275 App. Div. 634). The mere statement of that rule does not, however, resolve the issue tendered for decision in the present case. That issue, simply stated, is whether, when an arbitrator makes an award which on its face and without express mention of the fact ignores an express provision of the contract limiting damages, he is guilty of “ mere error ” or whether he has in fact exceeded his powers.
In Matter of Stange v. Thompson-Starrett Co. (261 N. Y. 37), the contract between a contractor and a subcontractor specified unit prices for the work to be performed by the subcontractor and it also expressly provided that any changes in, or additions to, the work to be performed by the subcontractor were to be paid for at those same unit prices. The parties submitted their disagreement as to the amount due to the subcontractor to arbitration and an award was made. This court, in reversing a judgment affirming a Special Term judgment confirming the award, examined the computations made by the arbitrators to determine whether the formula specified in the contract had been disregarded in making the award, even though such disregard was not apparent on the face of the award itself. It was determined that the award was in fact made on a quantum meruit basis rather than on the basis of the unit prices specified in the contract. In the language of the opinion in that case, the award could not be permitted to stand “ since it involves a repudiation of every contract term, in relation to the adjustment of the price.” (261 N. Y., at p. 42). More recently, in Matter of Deering Milliken & Co. (Boepple Sportswear Mills) (4 A D 2d 652, affd. without opn. 4 N Y 2d 956), a contract for the sale of yarn contained a broad arbitration clause, as did *456 the sales agreements in the present ease, and also contained a clause expressly limiting damages to the difference in value between the goods as delivered and the goods as specified and excluded any recovery of consequential damages by the buyer, (á AD 2d, at p. 653.) The seller sought to vacate the arbitrators’ award upon the ground that they had exceeded their powers by including consequential damages in the award to the buyer. Special Term’s order vacating the award was reversed by the Appellate Division, which held that the “ mere possibility” that the award exceeded the arbitrators’ powers by virtue of the inclusion of consequential damages excluded by the contract was an insufficient basis upon which to vacate the award. The award in that case did not indicate how the amount awarded had been computed and it was not apparent from the award itself or from the .record that the arbitrators had in fact included consequential damages.
Taken together, those two decisions indicate that, where it is clear from the face of the award itself or from an examination of the computations made by the arbitrator that the arbitrator has included an element of damages specifically excluded by the contract pursuant to which he obtained his very authority to act, he exceeds his powers under the contract and the award thus made must be vacated upon proper application. In the present case, the award itself demonstrates that the arbitrator ignored the provision of the contract providing a formula for the computation of the buyer’s damages and specifically excluding consequential damages since the award amounted to more than $3,700 whereas the total purchase price for both sales was only $984.
The indication in the majority opinion in the Appellate Division that the arbitrator may have refused to apply the damage limitation clause because he found it to be “ unconscionable ” is based, as that opinion also .recognizes, on pure speculation since it is conceded that the bases for the award are “ unknown.” The sole indication in the record is the self-serving statement made in Aarons on’s affidavit at Special Term that arbitrators uniformly refuse to enforce such damage limitation clauses, which does not establish that this arbitrator, in making this award, made such a determination. On a motion to vacate such an award, finding that the arbitrator has indeed *457 refused to enforce such a clause cannot he made upon a record silent as to that question. There is no douht that an arbitrator, if he so decides, may indeed refuse to enforce such a damage limitation clause on the ground of unconscionahility or on other grounds and today’s decision does not in any way limit that power. What is required, however, is that the award indicate that he has in fact deliberately and intentionally exercised that power so that judicial review can proceed without the need for speculation as to what has in fact occurred in the arbitral tribunal. 'Since the award in this case is insufficient in this respect, it can only be concluded that the arbitrator has exceeded his powers in making it and the order of the Appellate Division reversing that of Special Term and confirming the award should be reversed and the matter remitted to the arbitrator for further proceedings in accordance with this opinion.