**Sidney N. ROSENTHAL, Appellant,**

v.

**EMANUEL, DEETJEN & CO., Appellee.**

**No. 612, Docket 74–2344.**

United States Court of Appeals, Second Circuit.

Argued Feb. 28, 1975.

Decided April 28, 1975.

Murray M. Weinstein, New York City (Samuel Weinstein, New York City, of counsel), for appellant.

Edmund S. Purves, New York City, for appellee.

Before LUMBARD and OAKES, Circuit Judges, and BARTELS, District Judge.*

### PER CURIAM:

This appeal concerns the rights of a limited partner upon withdrawal from the partnership. Jurisdiction is by way of diversity. The complaint was one for declaratory relief under 28 U.S.C. §§ 2201, 2202. The partnership and its members as defendants moved to stay the action pending arbitration under a broad arbitration clause covering "[a]ny controversy or claim arising out of or relating to this contract or the breach thereof . . . ." Judge Knapp, for the United States District Court for the Southern District of New York, granted the motion to stay apparently on the basis that there was a genuine arbitrable dispute as to the amount of the limited partner's claim. We disagree and accordingly reverse.

Appellant Rosenthal became a limited partner in Emanuel, Deetjen & Co. on payment of a $100,000 contribution to capital on November 1, 1967. Pursuant to the limited partnership agreement, he terminated his interest therein effective August 31, 1970, by notice in February, 1970. Paragraph Twenty-first of the agreement provides that from the withdrawal date the limited partner shall not "participate in any losses incurred thereafter." The suggestion that appellant is responsible for losses resulting from the sale of the partner-

* Of the United States District Court for the Eastern District of New York, sitting by designation.

ship's assets in September, 1970, the contract for which was signed while appellant was still a limited partner—a circumstance partially relied upon by the court below—therefore falls; any such losses were incurred *after* the withdrawal date and hence are wholly immaterial in this action for payment of the limited partner's share of the partnership. The mere assertion that there is a dispute that is arbitrable does not make one exist. Necchi v. Necchi Sewing Machine Sales Corp., 348 F.2d 693 (2d Cir. 1965), cert. denied, 383 U.S. 909, 86 S.Ct. 892, 15 L.Ed.2d 664 (1966). There we held that the court must make an initial determination whether a given question is one that is arbitrable or, as in the instant contract, is a "controversy or claim arising out of or relating to this contract or the breach thereof . . . ." There can be no such claim lawfully asserted under Paragraph Twenty-first. *See also* Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962).

■ So, too, at least as of the date of this appeal, with appellee's other supposed claim or controversy. The appellee suggests and the court below also relied upon the assertion that the amount of appellant's claim cannot be ascertained since there are *still* outstanding claims of creditors. Appellee did not specify any creditor or any amount of such claims which arose prior to August 31, 1970, in its pleadings, affidavit supporting its motion to stay or on oral argument of this appeal in response to direct questions asked. Paragraph Twenty-second of the agreement provides that upon withdrawal of a partner, "the value of his interest in the partnership, as of the date of such withdrawal, shall be determined with binding effect upon all partners by a firm of certified public accountants selected by a majority of the partners . . . ." This determination was made, at least by August 27, 1973, by Louis Zinman & Co., at $38,931.28, a figure in no way disputed by the appellant. Paragraph Twenty-second also provides that in case of a withdrawal by notice of a limited partner, as here, "[w]ithin three months from the date of withdrawal . . . the withdrawing partner . . . shall be paid an amount equal to the value of his interest in the partnership determined as aforesaid as the purchase price of such interest, with interest thereon from the date of withdrawal at the rate of 6% per annum."

■■ The fact that in appellee's affidavit supporting its motion to stay below there were conclusory allegations that appellant "has not been charged for all the losses resulting therefrom" does not make out a controversy or claim under the arbitration clause. In view of the lapse of over four years and three months since payment was due to appellant (November 30, 1970), if there were any claim which had a genuine likelihood of reducing appellant's interest in the partnership as so computed, it would surely have been made by now. The statutory duty of the partnership to provide "a formal account of partnership affairs whenever circumstances render it just and reasonable" would have required such claims to be disclosed to appellant specifically. N.Y. Partnership Law § 99(1)(b) (McKinney's Consol.Laws, c. 39, 1948). If the appellee were to assert that appellant has not made sufficient statutory "demand" therefor, the answer would plainly be that the complaint below would constitute such a demand on its face. The lapse of time alone makes it "just and reasonable" that the partnership here render its account long ago.

We remand to the district court for the computation of interest due and the framing of a proper declaratory judgment in the light of appellee's ongoing liquidation. Were it in our power to award double costs or attorney's fees to the prevailing party we would do so, but the appellee was successful below.

Judgment reversed and remanded.