■ THE PEOPLE OF THE STATE OF NEW YORK ex rel., STEPHEN JACKSON, Respondent, v E. W. JONES, as Superintendent of Great Meadow .Correctional Facility, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered September 28, 1978 in Washington County, which converted petitioner's application for a writ of habeas corpus into a CPLR article 78 proceeding and ordered the respondent to accept petitioner's application for temporary release. The attorney for petitioner has advised the court by letter dated March 8, 1979 that the issues involved in this appeal are "academic" inasmuch as petitioner has been transferred to a "work release program" and that any adverse decision by this court would not affect his client. Therefore, the attorney quite properly has not submitted a brief on this appeal. Under such circumstances, while the issue is important to all parties, we do not definitively decide the issue presented, but only observe that the rules and regulations adopted by the commissioner as to the requirement of serving six months before being considered for temporary release seem to be within the intent and ambit of subdivision 2 of section 851 of the Correction Law. Judgment vacated, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Arbitration between BETTY J. SANTIAGO, as President of Local 788 of the American Federation of State, County & Municipal Employees, AFL-CIO, et al., Respondents, and CITY OF PLATTSBURGH et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered August 4, 1978 in Clinton County, which confirmed the award of the arbitrator. The issue in this case is whether an arbitration award may be vacated based upon grounds not enumerated in CPLR 7511 (subd [b]). The appellant contends that it was error for Special Term to confirm the award of the arbitrator who had held that Robert V. Sileo, a refuse collector for the City of Plattsburgh, was improperly terminated in violation of the collective bargaining agreement and that he should be afforded an opportunity to exercise his "bumping rights" within 10 days of the award and, in the event he declines to do so, his removal from the force would be effective December 1, 1976. Appellant maintains that the award was improper because it overlooked a concept basic to all agreements of employment that the employee be physically able to perform the duties of employment. We find that the argument of defendant is not only not substantiated in the record in that Mr. Sileo supplied a doctor's certificate attesting to his ability to return to work, but it fails to state a challenge to the arbitrator's award on the grounds allowed under CPLR 7511 (subd [b]), par 1). It is settled law that the award of an arbitrator is subject to review only on the few basic grounds enumerated in the statute *(Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.],* 25 NY2d 451). Order affirmed, with costs. Greenblott, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.