In the Matter of the Arbitration between
FARKAR CO., Petitioner-Appellee,

and

R. A. HANSON DISC, LTD., and R. A.
Hanson Co., Inc.,
Respondents-Appellants.

No. 958, Docket 78–7074.

United States Court of Appeals,
Second Circuit.

Argued May 5, 1978.

Decided Aug. 16, 1978.

Petition for Rehearing Sept. 15, 1978.

Decided July 19, 1979.

Before MOORE, OAKES and GURFEIN,
Circuit Judges.

## OPINION AND ORDER ON REHEARING

PER CURIAM:

In the original opinion of the panel, we held that the specific agreement of the parties barring consequential damages was not arbitrable because to hold otherwise would affect the stability of consensual business arrangements, implying that such a provision does not go to the merits of the controversy. This portion of the opinion reversed Judge Lasker's holding that the issue of consequential damages was to be determined by the arbitrators. *Farkar Co. v. R. A. Hanson Disc, Ltd.*, 441 F.Supp. 841, 844 (S.D.N.Y.1977). We took cognizance of the point raised that a finding of unconscionability under U.C.C. §§ 2–302, 2–719, could defeat the limitation of damages, but held that there had been no showing sufficient to raise an issue of unconscionability.

Although it is true that, where there is not even a colorable claim to be submitted to arbitration, as in the case

where the claim does not relate to the contract providing for arbitration or to its breach, the parties need not arbitrate the claim, *Rosenthal v. Emanuel, Deetjen & Co.*, 516 F.2d 325, 327 (2d Cir. 1975), we have long held that even though there is a high probability that a party seeking arbitration will lose because of a given contractual provision, he must nevertheless first submit his claim to the arbitrators if it is colorable. *I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424 (2d Cir. 1974), at least where the arbitration clause itself is broad enough to cover the claim asserted. *See, e. g., International Union of Electrical, Radio & Machine Workers v. General Electric Co.*, 407 F.2d 253, 259–61 (2d Cir. 1968), *cert. denied*, 395 U.S. 904, 89 S.Ct. 1742, 23 L.Ed.2d 217 (1969).

The respective briefs did not disclose any case dealing directly with a claim for consequential damages in arbitration contrary to a specific clause like the one involved here, but a similar question has arisen in the New York state court. In *In re Granite Worsted Mills, Inc.*, 25 N.Y.2d 451, 306 N.Y.S.2d 934, 255 N.E.2d 168 (1969), a 4–3 majority of the Court of Appeals separated the issue of consequential damages from the merits, even though the arbitration clause itself made no such special provision.

▇▇▇ On further consideration, we hold that the defense of unconscionability is not so clearly frivolous as to bar its consideration as a question of fact.

The request had been made to the district court that it direct the arbitrators to make specific findings concerning the limitation of damages, but the district court denied the request on grounds of a general policy not to require arbitrators to make specific findings. 441 F.Supp. at 844.

Judge Lasker was quite right that arbitration awards generally need not state reasons or reasoning, at least where the "grounds for [the award] can be gleaned from the record . . .," *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1215–16 (2d Cir. 1972).

In this specific instance, however, we shall follow the New York Court of Appeals majority in *Granite Worsted Mills, supra*, and hold that the district court should direct the arbitrators to be bound by the limitation of damages provision unless in a separate determination expressed in the award they find the provision to be unconscionable within the meaning of U.C.C. §§ 2–302, 2–719. All other matters are reserved for the arbitration.

The decision below is affirmed as modified.

MOORE, Circuit Judge (dissenting):

Petitioner-appellee Farkar Company petitions for rehearing of this Court's decision which concluded that "the consequential damages provision [of the contract in issue] is not unconscionable and therefore must limit the arbitrators' inquiry". Petitioner claims that, in reaching this result, the court decided on the merits that a no-consequential-damages clause was not unconscionable under § 2–302 of the Uniform Commercial Code. This was not, nor is it now, our intention but we found "no facts to support placing into the 'unconscionable' category the provision barring consequential damages".

In my opinion, the majority remakes and changes the business contract as agreed to and signed by the parties to conform to their conception of what the contract should have provided.

The contract involved the manufacture and sale of a complicated piece of earth-dredging machinery. As part of the sale the contract provided "8. LIMITATION OF LIABILITY" that "In no event shall RAHCO [the seller] be liable for any special or consequential damages". Further on under "13. ARBITRATION" was the arbitration clause, reading:

"a. All disputes arising in connection with this Agreement shall be finally decided under the Rules of the American Arbitration Association in New York, New York, United States of America, by one or more arbitrators appointed in accordance with

those Rules. The proceedings shall be conducted in the English language.

b. The courts of the country in which the customer's principal sales and service facilities are located and the courts of the United States and all the States thereof are hereby given jurisdiction to render judgment upon, and to enforce, each such award, and the parties hereto expressly consent to such jurisdiction of such courts.

c. The parties hereto hereby agree that the arbitration procedure provided for herein shall be the sole and exclusive method of resolving any and all of the questions, disputes, claims, and other matters."

Now on this petition for rehearing, Farkar (the purchaser) claims that this specifically-excluded issue regarding damages was unconscionable and, in effect, should be stricken from the contract.

Before a contract is submitted to arbitration the nature and the extent of the contract must be known. The cases are uniform in holding that this determination must be made by the court.

Despite the fact that this issue was not part of the record before the trial court, or us on the appeal, I am willing to grant the rehearing but I would do so only in the manner provided by law.

Section 2–302(1) provides in part

"If the *court* as a matter of law finds the contract . . . to have been unconscionable at the time that it was made . . . it may so limit the application of any unconscionable clause as to avoid any unconscionable result". (emphasis supplied).

In the "Practice Commentary" to § 2–302 it is said " 'unconscionability' is not a jury question but a question of law to be determined by the *court* alone". (emphasis supplied). Section 2–302(2) specifically provides for a "reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the *court* in making the determination". (emphasis supplied).

This position was clarified on the original hearing by petitioner's counsel's statement that "with respect to the point on the consequential damages, it is the petitioner's position that that matter is purely a matter of law which has been fully briefed by both sides and is ripe for adjudication by your Honor". (96a). However, the opportunity was not availed of by either side to adduce testimony related to commercial setting, purpose and effect to aid the court in making a determination as to unconscionability, if any.

The petitioner takes the position that this determination should be made by the arbitrators. In *Wilson Trading Corp. v. Ferguson, Ltd.*, 23 N.Y.2d 398, 297 N.Y.S.2d 108, 244 N.E.2d 685 (1968), the New York Court of Appeals said

" '[T]hus any clause purporting to modify or limit the remedial provisions of this Article in an *unconscionable manner* is subject to deletion . . . .' " [*quoting*] Uniform Commercial Code, § 2–719, official comment 1; emphasis in original).

\* \* \* \* \* \*

"Whether a contract or any clause of the contract is unconscionable is a matter for the court to decide against the background of the contract's commercial setting, purpose, and effect . . . ." 23 N.Y.2d at 403, 297 N.Y.S.2d at 112, 244 N.E.2d at 687–88.

It would seem to follow from § 2–302 and cases thereunder and from *Wilson Trading* that it is necessary for the court to decide as a matter of law the extent of the contract which remains to be submitted to arbitration. If the consequential damage clause be stricken as unconscionable, the contract can be interpreted with this deletion, but until such a determination be made by the court, the extent of matters to be arbitrated cannot be ascertained. The primary and preliminary function of the court would seem to be buttressed by the Practice Commentary that "Under subsection (1) of this section, unconscionability is not a jury question but a question of law to be determined by the court alone".

Accordingly, I would grant the petition for a rehearing and remand the case to the district court and not to the arbitrators, to give the parties "a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination".