■ In the Matter of the Arbitration between ETHEL McCABE, Also Known as ETHEL TROIA, as Executrix of LAURENCE E. McCABE, Deceased, Respondent, and BRIDAL ART STUDIOS, INC., et al., Appellants.—In a proceeding to confirm an arbitrator's award, the appeal is from a judgment of the Supreme Court, Nassau County, dated December 20, 1978, which, *inter alia,* confirmed the award. Judgment modified, on the law, by adding thereto a provision that petitioner is to surrender her interests in Bridal Art Studios, Inc., upon payment of all sums granted by the arbitration award. As so modified, judgment affirmed, with $50 costs and disbursements to petitioner. Irving Goldman and Lawrence McCabe each owned 50% of the stock issued by Bridal Art Studios, Inc. (Bridal), a corporation organized for the purpose of taking photographs at social functions. A shareholders' agreement dated March 18, 1961 entered into by Bridal, McCabe and Goldman provided in paragraph 10 as follows: "That upon the death of a stockholder, the other stockholder shall purchase the shares of the deceased stockholder as though an offer to sell had been made at the date of death under paragraph marked and numbered '9' of this agreement. If the remaining stockholder fails to purchase the said stock, then he shall have an additional six (6) months within which to sell the stock of such deceased stockholder. In the event that he cannot sell said stock, the Corporation shall be dissolved." The agreement also contained a broad arbitration clause. After the death of Lawrence McCabe in 1974, a dispute arose between his wife, the petitioner here, and Goldman concerning the purchase of Lawrence McCabe's shares. Petitioner moved to dissolve Bridal, which application Goldman apparently opposed. Ultimately, pursuant to judicial order, the dispute was submitted to arbitration. In an award dated July 31, 1978 the arbitrator, *inter alia,* directed Goldman to pay petitioner $24,484.86, plus interest. The arbitrator's findings indicate that this amount represented the value of McCabe's stock. Appellants, including Goldman, contend that this award should be set aside because (1) the demand for arbitration did not mention the issue of requiring Goldman to purchase McCabe's shares; (2) the arbitrator exceeded his power by ordering Goldman to purchase McCabe's shares since the shareholders' agreement contained no provision compelling Goldman to make such a purchase; and (3) the award is ambiguous in that it does not direct petitioner to turn McCabe's shares over to Goldman upon payment by

the latter. Two of these three contentions lack merit. The demand for arbitration served by petitioner states that the nature of the dispute is "Rights of survivors of deceased stockholder, monies due pursuant to a stockholders' agreement, dissolution of Bridal". In view of the broad powers vested in arbitrators (see *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629; *Matter of SCM Corp. [Fisher Park Lane Co.],* 40 NY2d 788, 793; *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 357), this statement of the nature of the dispute unquestionably included the issue of Goldman's purchase of McCabe's shares. In addressing that issue the arbitrator, in effect, directed Goldman to purchase McCabe's shares. In doing so he did not exceed his power (see CPLR 7511, subd [b], par 1, cl [iii]). While it is true that the shareholders' agreement did not expressly provide that the surviving shareholder could be compelled to purchase the deceased shareholder's stock, such purchase was clearly contemplated by the agreement. Although the agreement calls for dissolution in the event the surviving shareholder does not wish to purchase the deceased shareholder's stock, the record established that appellants have opposed that course of action and that they still do not desire dissolution at this time. Accordingly, the direction to Goldman to purchase McCabe's shares reached a result which was within the contemplation of the original agreement (cf. *Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.],* 25 NY2d 451). Therefore, the result should be confirmed. Nevertheless, the arbitrator's award fails to specify that upon payment of all sums granted therein petitioner is to surrender her interest in Bridal. Since it is apparent that the arbitrator intended that upon payment petitioner's interest in bridal would be extinguished, we have modified the award to make such a provision (see CPLR 7511, subd [c], par 3). Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.