■ In the Matter of M. SLAVIN & SONS, LTD., Appellant, v ANTHONY CIRILLO, Individually and as President of Local 359, United Seafood Workers, et al., Respondents.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated November 18, 1987, which denied the petition and granted the respondent's cross petition, pursuant to CPLR 7511 (e), to confirm the award.

Ordered that the order is affirmed, with costs.

The test pertaining to arbitration awards does not permit vacatur of such awards based on mistakes of fact or law, focusing rather on whether an arbitrator has acted so irrationally as to make a new contract for the parties *(see, Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.],* 25 NY2d 451; *Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442; *see also, Matter of New York City Tr. Auth. [Patrolmen's Benevolent Assn.],* 128 AD2d 616).

The arbitrator determined that the petitioner M. Slavin & Sons, Ltd. (hereinafter Slavin) did not meet its burden of establishing that the grievant, George Medina, was discharged for just cause. The letter of November 7, 1986, entitled "FINAL

TERMINATION NOTICE" set forth the basis for the discharge, following the words "REASON FOR FINAL TERMINATION NOTICE", as follows: "Found goofing off on Pitkin Ave. while on Co. time. Taking too much time to do a run in (Bklyn). Formal letter to follow".

During two of the three days of the proceeding, Slavin's witnesses were steadfast in their conviction that Medina's discharge was founded solely on his taking a full workday to complete six deliveries. Medina maintained that he made at least 12 deliveries, which included "El Patrice" and "Heroes Plus". A company official, Barry Slavin, testified twice that "El Patrice" became a customer only *after* Medina's discharge; and Ingnacio Atanasio, the grievant's immediate supervisor, testified that Medina made no C.O.D. deliveries that day. Of the two additional invoices produced by Medina on the third day of the proceeding, the one for "El Patrice" showed that it was to be a C.O.D. delivery and was to be made after 2:30 P.M. Slavin's attorney objected to the additional invoices as fraudulent, but later capitulated, even producing a third.

It is clear from the testimony that the basis for Slavin's belief that Medina "goofed off" and took too much time between runs was the belief of its agents that Medina made only six stops on the day in question, November 6, 1986. Medina's proof indicated to the contrary. Accordingly, the arbitrator could properly have concluded that Slavin did not have just cause to discharge Medina. Moreover, the finding that Medina took no more than five minutes in stopping at Pitkin Avenue when visiting his wife and the conclusion that such breach of his duties was de minimis was not totally irrational. We note that such an interpretation would comport with the spirit of the contract *(see, Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442, *supra).* Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.