COMMUNICATION WORKERS OF AMERICA, DISTRICT ONE, AFL–CIO, and Ronald E. Woods, Area Director, Cecilia Mallia, Mattie Leverette, Marion E. Perkins, Richard Tota, Dennis Diemer, Patricia Caccamo, Sandra Lara, Richard Mastropolo, and Barbara Gibbs Glover, Plaintiffs,

v.

NYNEX CORPORATION, New York Telephone Company, NYNEX Service Company, NYNEX Material Enterprises Company, NYNEX Information Resources Company, New England Telephone and Telegraph Company, Empire City Subway Company, (Limited), Defendants.

No. 89 Civ. 2731(LLS).

United States District Court, S.D.N.Y.

May 30, 1989.

David A. Mintz, New York City (Gabrielle Semel, of counsel), for plaintiffs.

Saul Scheier, New York Telephone Co., New York City, for defendants: New York Telephone Co., NYNEX Service Co., Empire City Subway Co. (Ltd.).

Bernard Yaker, NYNEX Corp., White Plains, N.Y., for defendants: NYNEX Corp. and New England Tel. & Tel. Co.

Elizabeth B. Flaherty, NYNEX Corp., White Plains, N.Y., for defendants: NYNEX Material Enterprises Co. and NYNEX Information Resources Co.

## OPINION and ORDER

STANTON, District Judge.

Plaintiff Union moves to compel arbitration of two issues: (1) whether defendants (the "Company") may require its employees to choose before August 5, 1989 between current Medical Expense Plan coverage (which requires a payroll deduction to cover their premium) and Minimum Medical Coverage (which does not require a payroll deduction, but has a $500 deductible), and (2) whether the Company miscalculated the premium those employees choosing the former must pay. The Company contends that these issues are not arbitrable under the stipulation to the Medical Expense Plan (the "Plan") signed by both sides in August 1986 (the "Agreement").

## DISCUSSION

Although " '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute,' " *AT & T Technologies, Inc. v. Communication Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986), quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960), it is likewise true that arbitration is " 'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' " *Id.* 106 S.Ct. at 1418. Where the parties' agreement contains a broad clause permitting arbitration and a narrow clause excluding some disputes from arbitration, the courts require strong evidence of a purpose to exclude the claim from arbitration. *Id.* 106 S.Ct. at 1419. *See also Wire Service Guild v. United Press International*, 623 F.2d 257, 260 (2d Cir.1980) ("we are dealing here with a broadly phrased arbitration clause which provides that 'any grievance as to the interpretation or application of this Agreement ... shall be submitted to arbitration' "; thus must find that exclusionary language "unambiguously and unmistakably precludes the arbitration of this dispute"); *Makress Lingerie, Inc. v. International Ladies' Garment Workers Union*, 395 F.Supp. 110, 112 (S.D.N.Y.1975) ("The language authorizes arbitration of 'any' violation of the Settlement Agreement; it is more than arguable that a claim for fraud in the inducement of the Settlement Agreement is embraced within that language").

Unlike those cases, the Agreement here contains a broad clause excluding nearly all disputes from arbitration (Section II.C.3.e):

e. Except as specifically provided in Paragraph a, disputes involving or relating to either the Plan, or any insurance provided thereunder, or an HMO [Health Maintenance Organization] Plan, or any benefits thereunder, or to this Agreement, shall not be subject to any grievance procedure or arbitration under this or any other agreement between the Company and the Union.

Paragraph a (the "exception clause") provides:

a. If the Union desires to present to the Company any grievance of any employee represented by the Union with respect to eligibility of such employee for coverage under the Plan or under an HMO Plan, such matter shall be handled in accordance with Paragraph b [which establishes arbitration methods].

The question is whether the phrase "eligibility of such employee for coverage" in paragraph a describes the two issues the Union wishes to arbitrate.

Although the Agreement does not define "eligibility" or "coverage," the Plan contains a number of sections which explain these terms. With respect to coverage, Section D states that all employees "covered under the Predecessor Plans will be covered under this Plan ...", and makes special provisions regarding effective dates of coverage for new employees, part-time employees, dependents, and employees who opt for HMO membership. Section G defines Minimum Medical Coverage as "Plan coverage after ... Employees have paid" the required deductible.

With respect to eligibility, section C of the Plan provides that all employees, retired employees, dependents, and sponsored children shall be "eligible for coverage under the Plan." Section H "sets forth the events that will cause a person's coverage under the Plan to cease" including an employee's death or leave of absence, promotion to management, or failure "to pay any premium which is required ... as a condition of coverage."

Thus, the term "eligibility of such employee for coverage under the Plan" refers to the employee's status with the Company. All employees who were already covered remain covered (section D), while a change in the employee's status (*e.g.*, as a new hire or a change to part-time work) may affect the employee's dates of coverage.

As the Union correctly asserts, the Plan does provide for different types of coverage: some employees will be covered by authorizing a premium payment as a deduction from their salary (coverage under the Plan), while those who do not will automatically be covered after they pay for their first $500 of medical expenses (coverage under Minimum Medical Coverage). However, the requirement that an employee authorize a deduction from his or her salary to be covered under the Plan, rather than under Minimum Medical Coverage, does not raise the issue of "eligibility ... for coverage under the Plan." All previously covered employees remain eligible; they simply have a choice between two kinds of coverage.

Accordingly, the issues presented do not concern "eligibility ... for coverage under the Plan" within the exception clause, and are barred from arbitration by the general prohibition set forth in Section II.C.3.e.

## CONCLUSION

Plaintiffs' motion for an order to compel arbitration is denied. A status conference will be held on June 2, 1989 at 11:20 a.m.