FITZSIMMONS, J.
In Fox v. Texaco, Inc., 97-2126 (La.App. 1 Cir. 11/16/98), 722 So.2d 1064, the Louisiana First Circuit Court of Appeal upheld the jury’s simultaneous award of “cure” and future medical benefits to appellant, Terrence Fox (Fox). The present appeal revolves around the trial court’s subsequent grant of an offset of the future medical expenses award to appellee, Texaco, Inc. (Texaco), against its obligation to provide “cure.” Respectfully, we again reverse the trial court.

PROCEDURAL EVOLUTION

In a single assignment of error, Fox alleges that the trial court failed to follow the law of the case. Although not delineated as an express assignment of error, Fox seeks damages for pain and suffering in the sum of $20,000.00. Fox also seeks attorney fees constituting one-third of $48,909.24, and all costs associated with the deposition of Dr. Louis C. Blanda, Jr. In a motion to show cause in the lower court, Fox had alleged that Texaco’s refusal to pay for medical expenses related to ongoing treatment was arbitrary and capricious. The controverted medical expenses were related to neck surgery performed by John E. Cobb, M.D.
The first opinion rendered by this court in this case recognized the independent nature of a claim for “cure.” We stated that cure “includes medical, therapeutic and hospital expenses, until that point in time when plaintiff reaches maximum medical recovery.” Id. at 1067. Moreover, it was pointed out that “[a]n explicit grant of cure cannot be judicially subsumed into the jury’s independent findings on separate and distinct claims.” Id.

DOUBLE RECOVERY

“Cure,” which arises from the contractual relationship between the parties, and an award of future medicals are mutually exclusive concepts. Cure is not fault-based; therefore, a reduction in its award due to plaintiffs independently awarded medical expenses is generally inapplicable. As applied to the case at hand, the fact that evidence at the initial trial of this matter indicated that Fox needed surgery, and he underwent post-trial surgery related to his disputed injury, clearly belies any assertion that he might have previously reached maximum medical recovery.
13As we noted in the initial review of this case, “cure” is payment for medical services until maximum medical recovery is reached, i.e., when it appears probable that further treatment will result in no betterment of the seaman’s condition. Baxter v. Sonat Offshore Drilling, Inc., 98-1054 (La.App. 1 Cir. 5/14/99), 734 So.2d 901, 909. Where the condition is incurable or future medical treatment will- merely relieve pain and suffering but not otherwise improve the seaman’s physical condition, it is appropriate to declare that the point of maximum cure has been achieved. Pelotto v. L & N Towing Company, 604 F.2d 3.96, 400 (5th Cir.1979). Thus, a seaman is not necessarily “cured” of his medical problem at the termination of an employer’s duty to provide “cure.” Indeed, the seaman might be permanently disabled and/or require additional medical treatment for a condition that will never get better.
Where a seaman brings an action joining counts as to maintenance and cure and with claims pursuant to the Jones Act, full tort damages are recoverable under *440 either the Jones Act count, the maintenance and cure count, or both, as long as there is not double recovery for the same period of time for any element of damages. Gaspard v. Taylor Diving & Salvage Company, Inc., 649 F.2d 372, (5th Cir.1981), cert, den., 455 U.S. 907, 102 S.Ct. 1252, 71 L.Ed.2d 445 (1982). In finding that the tort award and maintenance and cure count did not produce double recovery for any element of damages, the federal court in Gaspard factored in the nature of the seaman’s injury, the pain and suffering that he continued to endure, his permanent disability from a lucrative diving profession, and the possibility that he would eventually require surgery to have artificial shoulder joints inserted. In Butler v. Zapata Haynie Corporation, 92-71 (La. App. 3 Cir 2/23/94), 633 So.2d 1274, writ granted in part, 94-1171 (La.7/5/94), 639 So.2d 1186 (on other grounds), cert denied, 513 U.S. 1017, 115 S.Ct. 579, 130 L.Ed.2d 494 (1994), the third circuit denied a lump sum award for past medical bills because the plaintiffs award of that amount had already been granted in cure. Butler, 633 So.2d at 1284.
The factual setting at hand is distinguishable from both Gaspard and Butler. In Gaspard, the jury’s award under the negligence count was presented as one lump sum; therefore, it was not possible to discern what portion, if any, of the award might have consisted of future medical benefits. Moreover, the jury’s award to Fox involves future | ¿medical benefits, rather than the past medical benefits characterizing the double recovery in Butler.
In the instant matter, the jury was instructed by the court to consider the maintenance and cure claim as separate and independent from the Jones Act claim. It was pointed out by the court that “cure” included the cost of hospitalization and that a seaman is entitled to receive maintenance and cure until he reaches the point of maximum cure. Finally, and significantly, the court specifically instructed the jury that it could not award Fox maintenance and cure for the same period of time that it awarded him medical expenses because the plaintiff may not recover twice for the same medical expenses. The court’s detailed instructions thus made it absolutely clear that the jury was not to award a double recovery.
Thereafter, the jury verdict explicitly and separately awarded cure and $14,000.00 in future medical expenses. The award of $14,000.00 is not so high as to warrant an inference that the jury disregarded its instructions. See Gaspard, 649 F.2d at 376. The medical evidence determined that Fox had not attained maximum medical cure prior to the surgery. Application of the future medical expenses award should only be implemented if Fox has attained maximum medical recovery. In the absence of any definable evidence that the jury considered cure to have been reached with the surgery, or that the court relied on a post-surgery medical diagnosis of maximum medical recovery, the trial court erred in interpreting the future medical expense award and the cure award to constitute double recovery. Accordingly, this court reverses the trial court’s application of $14,000.00 future medical expenses toward plaintiff’s separate award of cure.

PUNITIVE DAMAGES AND ATTORNEY FEES

“A shipowner who arbitrarily and capriciously denies maintenance and cure to an injured seaman is liable to him for punitive damages and attorney’s fees.” Breese v. AWI, Inc., 823 F.2d 100, 102 (5th Cir.1987), quoting Yelverton v. Mobile Laboratories, Inc., 782 F.2d 555, 558 (5th Cir.1986). Fox asserts that, following the *441 court judgment awarding “cure,” Texaco’s failure to agree to pay for his neck surgery pursuant to its obligation to provide “cure” constituted an arbitrary and capricious denial that merits attorney fees.
| ¡/Texaco and the trial court erred in applying the award of future medical expenses to Texaco’s unrelated obligation to pay for the neck surgery as part of “cure.” The imposition of punitive damages and attorney fees hinges on the added demonstration of a “willful and persistent” refusal to pay cure by Texaco. See Vaughan v. Atkinson, 369 U.S. 527, 531, 82 S.Ct. 997, 999, 8 L.Ed.2d 88 (1962). Wantonness, recklessness, laxness, or callousness are descriptive terms associated with the propriety of punitive damages and attorney fees. See Butler v. Zapata Haynie Corporation, 92-71 (La.App. 3 Cir. 2/23/94), 633 So.2d 1274, 1284, writ granted in part, 94-1171 (La.7/5/94), 639 So.2d 1186 (on other grounds). The condition in Texaco’s tender of the $14,000.00 to Fox moves precariously close to an arbitrary and capricious act. However, in this instance, while we impute legal error to Texaco’s failure to include the neck surgery as part of “cure,” we do not find evidence that rises to the level of “willful” and “persistent” acts by Texaco.
Thus, we assign no error to the trial court’s denial of attorney fees. The absence of attorney fees or punitive damages as a result of Texaco’s failure to recognize that the surgery fell exclusively within the realm of “cure,” vitiates the concomitant claim of pain and suffering,[1] as well as the costs of Dr. Blanda’s deposition.
The judgment of the trial court is, therefore, reversed in part. Pursuant to its duty to provide “cure,” Texaco, Inc. is obligated to pay the costs associated with Terrence Fox’s surgery, separate and apart from the previously granted judgment of $14,000.00 in future medical expenses. The portion of the court judgment that denies damages for delay and attorney fees is affirmed. All costs associated with this appeal are assessed to Texaco, Inc.
REVERSED IN PART AND AFFIRMED IN PART.

. The award of medical expenses can be construed as compensation related to personal injury only to the extent that the defendant's action's in failing to pay maintenance and cure results in an exacerbation of a plaintiff's condition. Domonter v. C.F. Bean Corporation, 99-1204 (La.App. 5 Cir. 4/25/00), 761 So.2d 629, 640, writ denied, 2000-1872 (La.9/29/2000), 770 So.2d 354.