Jasejst, J.
TRe plaintiff, Wilson Trading Corporation, entered into a contract with the defendant, David Ferguson, Ltd., for the sale of a specified quantity of yarn. After the yarn was delivered, cut and knitted into sweaters, tRe Ru *401 isbed product was washed- It was during this washing that it was discovered that the color of the yarn Rad “ shaded ”— that is,“ there was a variation in color from pioce to piece and wifbip tRe pieces-” This defect, the defendant claims, rendered tbe sweaters “ unmarketable ”.
This a°tion for the contract price of tbe yarn was commenced after tbe defendant refused payment. As a defense to tbe action and as a counterclaim for damages, the defendant alleges that <( [pflaintiff has failed to perform all of tbe conditions of the contract on its part required to Re performed, and has delivered f * * defective and unworkmanlike goods
The sales contract provides in pertinent part;
‘' 2. No claims relating to excessive moisture content, short weight, count variations, twist, quality or shade shall Re allowed if made after weaving, knitting, or processing, or more than 10 days after receipt of shipment. * * The buyer shall witbiu 10 days of the receipt of the merchandise by himself or agent examine tbe merchandise for any and ah defects.” (Umphasis supplied.)
‘' 4. This instrument constitutes tbe entire agreement between tbe parties, superseding a]i previous communications, oral or written, and no changes, amendments or additions hereto will be recognised unless in writing signed by both seller and buyer or buyer’s agent. It is expressly agreed that no representations or warranties, express or implied, have been or are made by tbe seller except as stated herein, and the seller makes no warranty, express or implied, as to tbe fitness for buyer’s purposes of yarn purchased hereuuder, seller’s obligations, except as expressly stated herein, being limited to tbe delivery of good merchantable yarn of the description stated herein ” (ipmpbasis supplied.)
Special Term granted plaintiff summary judgment for tbe contract price of tbe yarn sold on the ground that " notice of tbe alleged breach of warranty for defect in shading was not given within the time expressly limited and is not now available by way of defense or counterclaim.” Tbe Appellate Pivision affirmed, without opinion.
Tbe defendant on this appeal urges that tbe time limitation provision on claims in the contract was unreasonable since the defect in tbe color of tbe yarn was latent and could not be dis *402 covered until after the yarn was processed and the finished product washed.
Defendant’s affidavits allege that its sweaters were rendered unsaleable because of latent defects in the yarn which caused ‘ ‘ variation in color from piece to piece and within the pieces. ’ ’ This allegation is sufficient to create a question of fact concerning the merchantability of the yarn (Uniform Commercial Code, § 2-314, subd. [2]). Indeed, the plaintiff does not seriously dispute the fact that its yarn was unmerchantable, but instead, like Special Term, relies upon the failure of defendant to give notice of the breach of warranty within the time limits prescribed by paragraph 2 of the contract.
Subdivision (3) (par. [a]) of section 2-607 of the Uniform Commercial Code expressly provides that a buyer who accepts goods has a reasonable time after he discovers or should have discovered a breach to notify the seller of such breach. (Cf. 5 Williston, Contracts [3d ed.], § 713.) Defendant’s affidavits allege that a claim was made immediately upon discovery of the breach of warranty after the yarn was knitted and washed, and that this was the earliest possible moment at which the defects could reasonably be discovered in the normal manufacturing process. Defendant’s affidavits are, therefore, sufficient to create a question of fact concerning whether notice of the latent defects alleged was given within a reasonable time. (Cf. Ann., 17 ALR 3d 1010, 1112-1115 [1968].)
However, the Uniform Commercial Code allows the parties, within limits established by the code, to modify or exclude warranties and to limit remedies for breach of warranty. The courts below have found that the sales contract bars all claims not made before knitting and processing. Concededly, defendant discovered and gave notice of the alleged breach of warranty after knitting and washing.
We are, therefore, confronted with the effect to be given the time limitation provision in paragraph 2 of the contract. Analytically, paragraph 2 presents separate and distinct issues concerning its effect as a valid limitation on remedies for breach of warranty (Uniform Commercial Code, § 2-316, subd. [4]; § 2-719) and its effect as a modification of the express warranty of merchantability (Uniform Commercial Code, § 2-316, subd. [1]) established by paragraph 4 of the contract.
*403 Parties to a contract are given broad latitude within which to fashion their own remedies for breach of contract (Uniform Commercial Code, § 2-316, subd. [4]; §§ 2-718, 2-719). Nevertheless, it is clear from the official comments to section 2-719 of the Uniform Commercial Code that it is the very essence of a sales contract that at least minimum adequate remedies be available for its breach. “ If the parties intend to conclude a contract for sale within this Article they must accept the legal consequence that there be at least a fair quantum of remedy for breach of the obligations or duties outlined in the contract. Thus any clause purporting to modify or limit the remedial provisions of this Article in an unconscionable manner is subject to deletion and in that event the remedies made available by this Article are applicable as if the stricken clause had never existed.” (Uniform Commercial Code, § 2-719, official comment 1; emphasis supplied.)
It follows that contractual limitations upon remedies are generally to be enforced unless unconscionable. This analysis is buttressed by the fact that the official comments to section 2-302 of the Uniform Commercial Code, the code provision pertaining to unconscionable contracts or clauses, cites Kansas City Wholesale Grocery Co. v. Weber Packing Corp. (93 Utah 414 [1937]), a case invalidating a time limitation provision as applied to latent defects, as illustrating the underlying basis for section 2-302.[1]
Whether a contract or any clause of the contract is unconscionable is a matter for the court to decide against the background of the contract’s commercial setting, purpose, and effect, *404 and the existence of this issue would not therefore bar summary judgment.[2]
However, it is unnecessary to decide the issue of whether the time limitation is unconscionable on this appeal for section 2-719 (subd. [2]) of the Uniform Commercial Code provides that the general remedy provisions of the code apply when “ circumstances cause an exclusive or limited remedy to fail of its essential purpose ”. As explained by the official comments to this section: “ where an apparently fair and reasonable clause because of circumstances fails in its purpose or operates to deprive either party of the substantial value of the bargain, it must give way to the general remedy provisions of this Article.” (Uniform Commercial Code, § 2-719, official comment 1.) Here, paragraph 2 of the contract bars all claims for shade and other specified defects made after knitting and processing. Its effect is to eliminate any remedy for shade defects not reasonably discoverable within the time limitation period. It is true that parties may set by agreement any time not manifestly unreasonable whenever the code “ requires any action to be taken within a reasonable time ” (Uniform Commercial Code, § 1-204, subd. [1]), but here the time provision eliminates all remedy for defects not discoverable before knitting and processing and section 2-719 (subd. [2]) of the Uniform Commercial Code therefore applies.
Defendant’s affidavits allege that sweaters manufactured from the yarn were rendered unmarketable because of latent shading defects not reasonably discoverable before knitting and processing of the yarn into sweaters. If these factual allegations are established at trial, the limited remedy established by paragraph 2 has failed its “ essential purpose” and the buyer is, in effect, without remedy. The time limitation clause of the contract, therefore, insofar as it applies to defects not *405 reasonably discoverable within the time limits established by the contract, must give way to the general code rule that a buyer has a reasonable time to notify the seller of breach of contract after he discovers or should have discovered the defect. (Uniform Commercial Code, § 2-607, subd. [3], par. [a].) As indicated above, defendant’s affidavits are sufficient to create a question of fact concerning whether notice was given within a reasonable time after the shading defect should have been discovered.
It can be argued that paragraph 2 of the contract, insofar as it bars all claims for enumerated defects not reasonably discoverable within the time period established, purports to exclude these defects from the coverage of the express warranty of merchantability. By this analysis, the contract not only limits remedies for its breach, but also purports to modify the warranty of merchantability. An attempt to both warrant and refuse to warrant goods creates an ambiguity which can only be resolved by making one term yield to the other (cf. Hawk-land, Limitation of Warranty under the Uniform Commercial Code, 11 How. L. J. 28 [1965]). Section 2-316 (subd. [1]) of the Uniform Commercial Code provides that warranty language prevails over the disclaimer if the two cannot be reasonably reconciled.
Here, the contract expressly creates an unlimited express warranty of merchantability while in a separate clause purports to indirectly modify the warranty without expressly mentioning the word merchantability. Under these circumstances, the language creating the unlimited express warranty must prevail over the time limitation insofar as the latter modifies the warranty. It follows that the express warranty of merchantability includes latent shading defects and defendant may claim for such defects not reasonably discoverable within the time limits established by the contract if plaintiff was notified of these defects within a reasonable time after they were or should have been discovered.
The result reached under the Uniform Commercial Code is, therefore, similar to the pre-code case law holding unreasonable contractual provisions expressly limiting the time for inspection, trial or testing of goods inapplicable or invalid with respect to latent defects. (Randy Knitwear v. American Cyanamid Co., *406 7 N Y 2d 791; Jessel v. Lockwood Textile Corp., 276 App. Div. 378; Torrance v. Durisol, Inc., 20 Conn. Supp. 62; Kansas City Wholesale Grocery Co. v. Weber Packing Corp., supra; National Grocery Co. v. Pratt-Low Preserving Co., 170 Wash. 575; cf. Ann., 52 ALR 2d 953-957 [1957].) In fact, in Randy Knitwear (supra) this court held a contractual provision remarkably similar to the time limitation clause in the instant case to present a factual question for trial concerning the reasonableness of the time limitation. • •
In sum, there are factual' issues for trial concerning whether the shading defects alleged were discoverable before knitting and processing, and, if not, whether notice of the defects was given within a reasonable time after the defects were or should have been discovered. If the shading defects were not reasonably discoverable before knitting and processing and notice was given within a reasonable time after the defects were or should have been discovered; a further factual issue of whether the sweaters were rendered unsaleable because of the defect is presented for trial.
The order of the Appellate Division should be reversed, with costs, and plaintiff’s motion for summary judgment should be denied.

. We recognize that the Superior Court of Pennsylvania in Vandenberg & Sons, N. V. v. Siter (204 Pa. Super. Ct. 392 [1964]) held that the manifest unreasonableness of a time limitation clause presented a question of fact for trial (citing Uniform Commercial Code, § 1-204 and two pre-Uniform Commercial Code eases). However, the Pennsylvania Superior Court did not consider the sections of the code pertaining to limitation of remedies for breach of warranty. (Uniform Commercial Code, § 2-316, subd. [4] ; §§ 2-718, 2-719.) When these interrelated sections are considered in light of the official comments to section 2-719 of the Uniform Commercial Code, it is clear that the issue of the reasonability of limitations upon contractual remedies presents a question of unconscionability for the court. For this reason we decline to follow Vandenberg & Sons, N. V. v. Siter (supra).

. In construing section 2-302 (subd. [2]) as a matter of first impression, Sinkoff Beverage Co. v. Schlitz Brewing Co. (51 Misc 2d 446) acknowledges that the issue of uneonscionability is a matter of law for the court, hut holds that a hearing to determine the commercial setting, purpose, and effect of a contract is mandatory rather than discretionary when the court accepts the possibility of uneonscionability. Neither party argues that Special Term should have held an evidentiary hearing on the issue of uneonscionability, and accordingly we express no opinion on this issue. (Cf. Cohen and Karger, Powers of the New York Court of Appeals [Rev. ed., 1952], §§ 161, 162.)