—Order, Supreme Court, New York County, entered December 6, 1977, insofar as appealed from, denying plaintiffs motion for summary judgment on the first cause of action and denying its motion to dismiss the first and fourth affirmative defenses and the first counterclaim, unanimously reversed, on the law, motion for summary judgment granted on the first cause, and first and fourth affirmative defenses and the first counterclaim dismissed, with $60 costs and disbursements of this appeal payable to appellant. On April 22, 1971, the Board of Estimate authorized the lease of a building to be erected by plaintiff with a primary use as a day care center. The board’s resolution is incorporated into the lease which set the rental at $191,212.50 per annum. Both the board, in its resolution adopted April 22, 1971, and the Commissioner of Real Estate, in his report dated January 18, 1971, found the lease and rental terms to be "fair and reasonable”. During the period August, 1972 through June, 1976, the city paid the full monthly rental of $15,934.37. Thereafter, the plaintiff was forced to bring a suit for back rent. That prior action was discontinued upon the city’s stipulation to pay the full rent due through February of 1977. Subsequently, the city began to pay $6,533.09 in monthly rent instead of the full amount due under the subject lease. To the extent here relevant, the court at Special *551 Term denied plaintiff’s motion for summary judgment on the first cause of action for the balance due on each month’s rent. The court reasoned that the first and fourth affirmative defenses as well as the first counterclaim required a hearing to determine whether the lease was unconscionable under section 235-c of the Real Property Law. In particular, the defendant maintained that the rent and other charges the city was required to pay under the lease were excessive, unreasonable and exorbitant. A defense based upon unconscionability is a matter of law for the court. If circumstances warrant it, however, the court may order a hearing to determine the factual setting of the unconscionability defense. (Wilson Trading Corp. v Ferguson, Ltd., 23 NY2d 398, 403, 404.) A hearing is unnecessary in this proceeding since the defendant did not come forward with any evidence to show that the rental charged in the lease was in any way unreflective of the market at that time. The affidavits submitted from defendant’s counsel and the assistant commissioner in the HRA are of no probative value on this technical point. At the very least, the defendant should have submitted an affidavit from a real estate expert with a knowledge of this area. In view of the fact that the plaintiff expended a substantial sum in the erection of the building in reliance upon this leasing arrangement, the city must show that there is some substance to its otherwise naked claim of unconscionability. The remaining defenses and counterclaim must be dismissed since there is no merit to the city’s underlying contention based upon unconscionability. Settle order on notice. Concur—Murphy, P. J., Lupiano, Birns, Silverman and Sullivan, JJ.