*1100 OPINION OF THE COURT
Richard F. Kuhnen, J.
Defendant Ford Motor Company has moved for summary judgment dismissing the complaint as to it and the plaintiff has cross-moved for summary judgment against Ford in the sum of $5,000.
The complaint charges both defendants with breach of express and implied warranties of merchantability and fitness for use arising out of the purchase of a Ford truck from defendant Oneonta Sales Co., Inc., the motor of which subsequently ceased to function.
The answer of the defendant Ford denies any implied warranties and alleges affirmatively that plaintiff’s case does not come within the terms of its only express warranty.
From the pleadings and interrogatories which have been had, it appears that plaintiff purchased a Ford truck from defendant Oneonta Sales on December 9, 1974, and that it was delivered with an express written warranty that the selling dealer would repair or replace certain designated parts (including the engine) "after 12,000 miles and during the first twelve months or 50,000 miles of operation, whichever is earliest, for a charge of fifty percent of the dealer’s regular warranty charge to Ford for parts and labor”.
The warranty facts booklet contained also the following language: "To the extent allowed by law, this warranty is in place of all other warranties, express or implied, including ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS. Under this warranty, repair or replacement of parts is the only remedy”.
The truck malfunctioned on November 23 or 24, 1976, at an odometer reading of 20,879 miles, approximately 23 Vz months after the vehicle was purchased, and therefore clearly beyond the warranty period.
Plaintiff resists the motion by arguing that there are (1) "triable issues of fact as to whether or not other warranties exist”, (2) "triable issues of fact as to when the defect arose and what, in fact, is the definition of the defect”, and (3) "the reasonableness of the twelve month limitation”.
If there were any express or implied warranties other than those mentioned, plaintiff has failed to indicate any in his moving papers. His counsel furnishes a newspaper clipping which mentions that some automobile manufacturers have *1101 "secret warranties”, but there is nothing to indicate that any secret warranties existed here or, if so, the nature and extent of them, or, more important, that plaintiff knew and relied upon them and is entitled to the benefit of them.
Plaintiff argues "that though the vehicle actually ceased operation after twelve months of operation, nevertheless, the vehicle first showed signs of malfunction within the twelve month period”. "[T]he written warranty”, counsel for plaintiff states in his brief, "provides that replacement is provided for parts that are 'found to be defective * * * during the first twelve months of operation’ ”,
We do not so read the warranty, merely that "for the following periods” Ford and the selling dealer "will repair or replace * * * parts that are found to be defective”. The reference is clearly to the periods during which repair or replacement will be made, and not to time when the malfunction first manifests itself, whether or not reported. The burden is thus placed upon the purchaser to present the automobile for examination, and repair or replacement during the warranty period.
There do not appear to be any New York cases construing the specific warranty language involved here. But in Moulton v Ford Motor Co. (13 Uniform Commercial Code Reporting Serv 55 [Tenn Ct of Appeals, 1973]), an identical warranty was held to be "in effect a limitation of the time within which a claim must be asserted under that warranty” (p 59). The court there went on to state: "The warranty actually provides for repair or replacement of certain parts 'found to be defective’ within the limited period, and if such discovery were made presumably a further reasonable period of time would be allowed for giving notice. Here, however, no such discovery within the limited period was made. Thus, plaintiff has no valid claim of breach of express or implied warranty”.
Whether the designated periods are "reasonable” or "unconscionable” within the meaning of sections 2-718 and 2-719 of the Uniform Commercial Code, as plaintiff claims, "is a matter for the court to decide”. (Wilson Trading Corp. v David Ferguson, Ltd., 23 NY2d 398, 403.)
"Parties to a contract are given broad latitude within which to fashion their own remedies for breach of contract (Uniform Commercial Code, § 2-316, subd. [4]; §§ 2-718, 2-719).” (Wilson Trading Corp. v David Ferguson, Ltd., supra, p 403.)
"Whenever this Act requires any action to be taken within *1102 a reasonable time, any time which is not manifestly unreasonable may be fixed by agreement.” (Uniform Commercial Code, § 1-204, subd [1]; § 1-102.)
We do not hold as a matter of law that the time limitations complained of are manifestly either unreasonable or unconscionable. If the defect in fact manifested itself within the 12-month period, there is no evidence that notice thereof was given within a reasonable time thereafter.
In the light of the above it becomes unnecessary to pass upon defendant Ford’s contention that the plaintiff is also barred from recovering money damages by reason of the limitation of the warranty remedy to repair or replacement of parts. Under certain circumstances, not present here, that provision has been held to be unconscionable. (Walsh v Ford Motor Co., 59 Misc 2d 241.)
The defendant Ford has pleaded as a further defense that defendant Oneonta Sales Co., Inc., was not an authorized Ford dealer, but has stipulated that for the purposes of this motion it will not press that defense.
The motion of the defendant Ford for summary judgment dismissing the complaint as to it is granted, and the plaintiff’s motion for summary judgment against Ford is denied.