**Peggy E. BUSH, Guardian of the Person and Next Friend of Staci Rochelle Doty, a Minor, Walter Doty and Lydia Doty, Plaintiffs,**

v.

**AMERICAN MOTORS SALES CORPORATION, a Delaware corporation, Jeep Corporation, a Nevada corporation, Defendants.**

**Civ. A. No. 83–JM–627.**

United States District Court,
D. Colorado.

Jan. 9, 1984.

Edward J. Rau, Denver, Colo., for plaintiffs.

Edward H. Widmann, Hall & Evans, Denver, Colo., for defendants.

## ORDER

JOHN P. MOORE, District Judge.

THIS MATTER comes before the Court on defendants' motion to dismiss the fifth claim for relief. This action is a products liability case based upon diversity jurisdiction. Plaintiffs claim that the alleged wrongful death of Charles F. Doty in a single-car accident on October 10, 1983, was caused by defects in the Doty Jeep manufactured, designed, and sold by defendants American Motors Sales Corporation and Jeep Corporation ("defendants"). The complaint asserts claims for negligence, strict liability in tort, breach of warranty, strict liability for misrepresentation, violations of the Magnuson-Moss Warranty Act, and deceptive trade practices, and plaintiffs seek actual and exemplary damages. Defendants have moved to dismiss the fifth claim for relief on the grounds that plaintiffs have failed to state a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312.

The Magnuson-Moss Warranty Act creates federal standards for warranties provided to buyers of consumer goods. The act also provides specific remedies to purchasers where sellers of consumer goods fail to comply with the federal warranty standards. 15 U.S.C. § 2310. Notwithstanding, causes of action for personal injuries arising out of the sale of allegedly defective products generally remain a matter of state law. 15 U.S.C. § 2311(b). The act does not create a federal cause of action for personal injury claims which are otherwise state law claims for breach of warranty. *Gorman v. Saf-T-Mate, Inc.*, 513 F.Supp. 1028 (N.D.Ind.1981).

For plaintiffs to state a claim for relief under the Magnuson-Moss Warranty Act, they must allege specific violations of the standards set forth in the act. *Gorman v. Saf-T-Mate, supra.* Thus, it is necessary to examine the warranty given in connection with the sale of the Doty Jeep in light of the Magnuson-Moss requirements.

The warranty at issue here is an express "limited warranty" which provided for repair or replacement of certain parts for a period of 12 months or 12,000 miles

from the date of delivery.[1] The Magnuson-Moss Warranty Act provides that where a written warranty or service contract is given to the purchaser, implied warranties may not be disclaimed or modified. 15 U.S.C. § 2308. However, where an express "limited warranty" is given, implied warranties may be limited to the duration of the written warranty of reasonable duration. 15 U.S.C. § 2308(b). Limitations on the duration of implied warranties in such a case are valid so long as they are prominently displayed on the face of the warranty in clear and unmistakable language and are not unconscionable. 15 U.S.C. § 2308(b).

Plaintiffs' complaint alleges no facts in support of its allegation that the warranty given to Charles Doty failed to comply with the standards set forth in the Magnuson-Moss Act. The fifth claim for relief asserts merely that the warranty was "defective." In response to defendants' motion to dismiss, plaintiffs argue that whether the warranty comports with the federal standards raises issues about the reasonableness and conscionability of the limitations. Plaintiffs assert that these are factual questions that ought not be decided on a motion to dismiss.

 Contrary to plaintiffs' assertions, the question of whether the limitation of a warranty to a designated period is unreasonable or unconscionable may be decided as a matter of law. *Wilson Trading Corp. v. David Ferguson, Ltd.*, 23 N.Y.2d 398, 297 N.Y.S.2d 108, 244 N.E.2d 685 (1968). Moreover, there are numerous examples where warranties such as the one in the present case have been found to be reasonable and conscionable. *Henderson v. General Motors Corp.*, 152 Ga.App. 63, 262 S.E.2d 238 (1979); *Broe v. Oneonta Sales Co., Inc.*, 100 Misc.2d 1099, 420 N.Y.S.2d 436 (1978); *Christopher v. Larson Ford Sales*, 557 P.2d 1009 (Utah 1976). It is my opinion that the limitations of the express and limited warranties given with the sale of the Doty Jeep are neither unreasonable nor unconscionable.

Accordingly, it is my conclusion that plaintiffs have failed to state a claim under the Magnuson-Moss Warranty Act. I do not, however, express any opinion about whether there were in fact breaches of the express and implied warranties that formed a part of decedent's sales contract. Plaintiffs' right to pursue state law claims for injuries arising out of the sale of an allegedly defective product is unaffected by this order. I simply conclude that plaintiffs have no cause of action for personal injuries under the Magnuson-Moss Warranty Act absent a showing that the defendants failed to comply with the substantive provisions of that act. *Gorman v. Saf-T-Mate, Inc., supra.* Therefore, it is

ORDERED that defendants' motion to dismiss the fifth claim for relief is granted.

---

1. Charles Doty purchased the Jeep in approximately July 1981. (Complaint at ¶ 18.) The accident occurred on October 10, 1982.