Lisa COWAN, by her Natural Parent and Next Friend, Ann COWAN, and Ann Cowan and Marvin Cowan, Individually, Plaintiffs,

v.

**LEDERLE LABORATORIES, A DIVISION OF AMERICAN CYANIMID COMPANY, Defendant.**

**Civ. A. No. 84–2165.**

United States District Court, D. Kansas.

Feb. 19, 1985.

Bruce Keplinger, Payne & Jones, Chartered, Olathe, Kan., for plaintiffs.

Thomas F. Fisher, of Shughart, Thomson & Kilroy, Kansas City, Mo., James P. O'Hara, of Shughart, Thomson & Kilroy, Corporate Woods, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes before the court on defendant's motion for summary judgment. The motion asserts that five counts of the complaint are barred by the applicable statutes of limitation and that one of the counts also fails to state a claim upon which relief can be granted. Subsequent to the filing of this motion, we granted plaintiffs leave to add a sixth count. Because recovery under this sixth count is dependent upon plaintiffs' recovery under Count II, we will address all six counts in this memorandum.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). In considering such a motion, the court must examine all evidence in the light most favorable to the opposing party. *Mogle v. Sevier County School District*, 540 F.2d 478, 482 (10th Cir.1976), *cert. denied*, 429 U.S. 1121, 97 S.Ct. 1157, 51 L.Ed.2d 572 (1977). Where different inferences could reasonably be drawn from conflicting affidavits and depositions, summary judgment should be denied. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

This action is brought by three plaintiffs; plaintiff Lisa Cowan is the minor child of plaintiffs Marvin and Ann Cowan. Defendant Lederle Laboratories manufactures the drugs Achromycin V and Declomycin, both of which contain the generic drug tetracycline.

Lisa Cowan was born on December 7, 1967, and began to ingest defendant's prescription drugs in 1968. Although her medical and pharmaceutical records indicate that Lisa received her last prescription on January 6, 1975, her parents contend that Lisa may in fact have ingested defendant's tetracycline as late as 1980. At some point, Lisa's teeth became noticeably gray, and plaintiffs allege that this graying was caused by the tetracycline Lisa had ingested.

This suit was filed in state court on March 9, 1984, and was subsequently removed to this court. According to the amended complaint, "Lisa Cowan has suffered the permanent discoloration of her teeth requiring further medical treatment and causing her to suffer anxiety, anguish and embarrassment, and plaintiff Marvin Cowan and Ann Cowan will be caused to incur considerable medical and other expenses." As noted above, the amended complaint contains six counts. The basis of each count is as follows:

Count I—negligence

Count II—breach of various express and implied warranties

Count III—strict liability

Count IV—presumptive negligence, based on a violation of the Federal Food, Drug & Cosmetics Act, 21 U.S.C. §§ 301 to 392

Count V—violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*

Count VI—violation of the Kansas Consumer Protection Act, and specifically K.S.A. 50–639.

## I. *Magnuson-Moss Warranty Act.*

The operative paragraph of plaintiffs' fifth count reads as follows:

As a result of the breach of warranty set forth in the Second Cause of Action above, plaintiffs have a cause of action against the defendant under the Magnuson-Moss Warranty Act.

Amended Complaint, ¶ 22. As explained below, this allegation is insufficient to bring the plaintiffs within the protective scope of the Magnuson-Moss Warranty Act.

Count II of the amended complaint alleges a mere state law personal injury claim. Yet 15 U.S.C. § 2311(b)(2) provides that "[n]othing in this [Act] (other than [15 U.S.C. §§ 2308 and 2304(a)(2) & (4) ]) shall (A) affect the liability of, or impose liability on, any person for personal injury, ...." None of the provisions referred to in the parentheses is implicated by the allegation in ¶ 22, quoted above. As to Count V, then, we must grant defendant's motion for summary judgment. (For a lucid and comprehensive discussion of this issue, see *Gorman v. Saf-T-Mate, Inc.*, 513 F.Supp. 1028 (N.D.Ind.1981); *see also Bush v. American Motors Sales Corp.*, 575 F.Supp. 1581, 1582 (D.Colo.1984) (citing *Gorman* ).)

## II. *Applicable Statute of Limitations.*

We agree with the parties that Counts I, III, and IV are subject to the two-year statute of limitations contained in

K.S.A. 60–513(a)(4). That provision applies to any "action for injury to the rights of another, not arising on contract, and not herein enumerated." Defendant contends that Count II, alleging breaches of various express and implied warranties, is subject to the four-year statute of limitations contained in K.S.A. 84–2–725. Plaintiffs do not address this contention. For the reasons that follow, we must disagree with the defendant in this matter.

 Defendant deems it "clear" that plaintiffs have elected to prosecute these warranty claims on a contract-based theory, rather than one based on tort. *See* Defendant's Brief at 11–12. Even accepting this statement as true, however, such election would not be relevant in determining the proper statute of limitations. That determination turns upon the type of *damages* alleged in the complaint. If simple economic loss is alleged, the contract statute of limitations governs. However, "where death, personal injury or property damage is alleged the applicable statute of limitations in Kansas would be the two-year tort statute of limitations at K.S.A. 60–513...." *Grey v. Bradford-White Corp.*, 581 F.Supp. 725, 728 (D.Kan.1984).

 In this case, Lisa Cowan alleges permanent discoloration of her teeth, anxiety, anguish, and embarrassment. Plaintiffs Marvin and Ann Cowan allege damages in the form of Lisa's medical expenses. As to all plaintiffs, then, the damages alleged are clearly "tort-like." Accordingly, K.S.A. 60–513(a)(4), and *not* K.S.A. 84–2–725, contains the proper statute of limitations.

Count VI of plaintiffs' amended complaint alleges a violation of K.S.A. 50–639. The damages provision of that section, however, applies only "[i]f a consumer prevails in an action based upon breach of warranty." K.S.A. 50–639(e). Plaintiffs' success on this count is thus dependent upon their success on Count II. Necessarily, then, this count is also subject to the same statute of limitations.

Our conclusion that each of plaintiffs' remaining five counts are subject to the two-year statute of limitations contained in K.S.A. 60–513(a)(4) does not, of course, end our inquiry. The facts as alleged require the application of two other statutes. A "discovery" statute provides that:

 (b) Except as provided in subsection (c) of this section, the cause of action in this action [section] shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall the period be extended more than ten (10) years beyond the time of the act giving rise to the cause of action.

K.S.A. 60–513(b). Also relevant is the following "tolling" statute:

 (a) *Effect.* If any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, ... such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.

K.S.A. 60–515(a). All three plaintiffs would be entitled to the protection of K.S.A. 60–513(b), while only Lisa Cowan could rely on K.S.A. 60–515(a).

### III. *Statute of Limitations—Construction.*

Any attempt to apply K.S.A. 60–513(b) to the facts of this case must begin with the definition of certain terms. Especially relevant are the following: (1) "substantial injury," (2) "fact of injury," and (3) "act giving rise to the cause of action."

### A. *Substantial Injury.*

Prior to hearing scientific testimony, we can make no definitive finding as to when "substantial injury" occurred here. Conceivably, tetracycline could *cause* the discoloration of permanent teeth even before those teeth penetrate the gums. At the very latest, however, "substantial injury" would have occurred when Lisa Cowan's teeth became substantially grayer than normal teeth. Because defendant's summary judgment motion is based on a statute of limitations, we must (for now) adopt this latest permissible definition of "substantial injury."

### B. *Fact of Injury.*

■ We see at least two plausible interpretations of the phrase "fact of injury." Defendant interprets this phrase as referring to the actual discoloration of Lisa Cowan's teeth. Alternatively, one might construe this phrase as referring to the time at which a plaintiff has actual or constructive knowledge that her damages have been caused by the act or omission of another human being. This would define "injury" as excluding, for example, damages attributable to genetically caused birth defects. In our view, this latter interpretation is more consistent both with the accepted definition of "injury" and with rational public policy.

Black's Law Dictionary (5th ed. 1979) defines "injury" as follows:

> Any wrong or damage done to *another*, either in his person, rights, reputation, or property. The invasion of any legally protected interest of *another*. Restatement, Second, Torts, § 7.

(Emphasis added.) As the highlighted words indicate, an injury must occur to "another"—presumably another human being. Therefore, the *cause* of an injury must also be human. Common usage conforms to this interpretation. One does not refer to an affliction as an "injury" when the cause of that affliction is genetic, rather than the act or omission of another person. Though the word may lack sensi-

tivity, such afflictions are more commonly termed "abnormalities."

On a policy basis, it seems pointless to force a plaintiff to file suit within two years after ascertaining that she has an abnormality. Who is she to sue? The discovery provision of K.S.A. 60–513(b) thus makes no sense unless "injury" is defined to require some human causation. (The last clause of this subsection, imposing an absolute ten-year limit on the filing of lawsuits, serves to protect potential defendants whose conduct is not found to have been injurious until several years later.)

Until medical science had established the link between tetracycline ingestion and the discoloration of permanent teeth, plaintiffs could not have ascertained that Lisa's apparent "abnormality" was actually an "injury." In this case, then, the "fact of injury" was not reasonably ascertainable until a reasonable plaintiff in these circumstances would have learned of this linkage.

### C. *Act Giving Rise to the Cause of Action.*

■ The "act giving rise to the cause of action" is also ambiguous. In separate DES cases, two judges of this court have adopted differing definitions of this phrase. Under Judge Rogers' analysis in *Purcell v. Abbott Laboratories*, No. 81–4237 (D.Kan., *unpublished*, 6/2/82), the "act giving rise to the cause of action" would have been Lisa Cowan's ingestion of tetracycline. Such interpretation is favored by the defendant in this case. However, in *Colby v. E.R. Squibb & Sons, Inc.*, 589 F.Supp. 714, 716 (D.Kan.1984), Judge Kelly suggested a second definition. As he noted:

> This construction is ambiguous, because one cannot tell whether the words "giving rise" are to be understood as a true participle (in which case they function as a mere adjective attached to the noun "act") or as a gerund (in which case they function as a noun attached to the preposition "of", as in "he will not live beyond the time of the bomb exploding".). *See* H. Fowler, A Dictionary of Modern Us-

age *Fused Participle,* 215–218 (2d ed. 1965).

If the latter (gerund) construction is correct, then "the time of the act giving rise to the cause of action" might be better phrased as "the time when the cause of action accrued." One would then look to the opening lines of K.S.A. 60–513(b), which state that "... the cause of action in this action [section] shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury." In other words, "the act giving rise to the cause of action" would be the causing of substantial injury—here, the discoloration of Lisa's teeth. Plaintiffs would then have up to ten years after *that* in which to file suit (but no more than two years after the fact of Lisa's injury had become reasonably ascertainable).

If one looks only at the portion of K.S.A. 60–513(b) which follows the last comma, this latter construction seems entirely reasonable. As Judge Rogers noted, however, this construction gives the phrase "act giving rise to the cause of action" two different meanings within the same subsection. Where it first appears in that subsection, the phrase could not possibly be construed as a gerund. Rather, it must refer to the time of ingestion of tetracycline. Because that construction is equally reasonable as to the second appearance of this phrase, we decline to assume that the legislature intended the phrase to have two different meanings within the same subsection. Therefore, both appearances of the phrase "act giving rise to the cause of action" must refer to Lisa Cowan's ingestion of tetracycline.

(For purposes of this motion, we must assume that any ingestion occurring within the applicable limitations period actually did contribute to Lisa's injuries. Eventually, of course, the plaintiffs will have to *prove* such a causal connection.)

IV. *Statute of Limitations—Application.*

 Having defined these three terms, their application to the facts of this case is relatively straightforward. It seems clear from the uncontroverted facts that Lisa Cowan's teeth were substantially grayer than normal well before March 9, 1982. Therefore, this action would have been filed more than two years after a "substantial injury" had occurred.

Hence, we must proceed to the portion of K.S.A. 60–513(b) which follows the "or." That is, "if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, ...." In this case, when was it reasonably ascertainable to any or all of these plaintiffs that the discoloration of Lisa Cowan's teeth was related to her ingestion of tetracycline? This is clearly a question of fact for a jury to determine. Whenever that date might have been, plaintiffs would have had two years thereafter in which to file this action.

As to Lisa Cowan, the two-year statute of limitations is also tolled by K.S.A. 60–515(a). At the time this suit was filed, Lisa was under 18 years of age. She was thus able to bring this action regardless of when she could reasonably have ascertained that she had been injured. The only circumstance under which she might lose the protection of this provision is if the "act giving rise to the cause of action" occurred more than eight years prior to the date suit was filed. Under plaintiffs' version of the facts, the act giving rise to the cause of action (Lisa's ingestion of tetracycline) occurred in 1980. That was less than eight years prior to the filing of this suit, on March 9, 1984. For purposes of this motion, we must accept the 1980 date as correct. Should defendant establish that Lisa's last ingestion was actually in 1975, however, more than eight years *would* have elapsed between that ingestion and the filing of this suit—thus depriving Lisa of this provision's protection.

We note, at this point, that the *ten*-year cutoff contained in K.S.A. 60–513(b) would apparently not be relevant in this case. Even accepting defendant's definition of "act giving rise to the cause of action" *and*

**444**

defendant's allegation that Lisa last ingested tetracycline in 1975, that act would still have occurred less than ten years prior to the filing of this suit.

For statute of limitations purposes, then, the following factual questions remain unanswered:

(1) When did Lisa Cowan last ingest any tetracycline manufactured by defendant (said ingestion having *contributed* to the discoloration of her teeth), and

(2) When did the fact of Lisa Cowan's injury (*i.e.*, that the discoloration of her teeth was related to her ingestion of tetracycline) first become reasonably ascertainable to each of the plaintiffs.

Should these questions remain unresolved at the time of trial, they will be submitted to the jury for its determination. *See Hecht v. First National Bank & Trust Co.*, 208 Kan. 84, 93, 490 P.2d 649, 656 (1971). At this point, such factual disputes mandate a denial of defendant's motion for summary judgment as to all but Count V of the complaint.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is granted as to Count V of the complaint, and denied in all other respects.