**Wendell WASHINGTON, Plaintiff,**

v.

**OTASCO, INC., a Nevada Corporation, and the Murray Ohio Manufacturing Company, an Ohio Corporation, Defendants.**

No. DC84–25–NB–O.

United States District Court, N.D. Mississippi, Delta Division.

March 11, 1985.

John H. Cocke, Clarksdale, Miss., for plaintiff.

Robert L. Wells, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause came before the court on the defendants' motion for partial summary judgment regarding the plaintiff's cause of action and claim for attorney fees under the Magnuson-Moss Warranty Act. Having considered the pleadings, briefs, and affidavits submitted by the parties, and being fully advised in the premises, the court is now in a position to rule on this motion.

This cause arose due to personal injuries suffered by the plaintiff Wendell Washington on a ten-speed bicycle manufactured by the defendant The Murray Ohio Manufacturing Company (Murray) and purchased by the plaintiff from the defendant Otasco, Inc. (Otasco). These injuries allegedly resulted due to a defective gear mechanism which locked and caused the plaintiff to be thrown from the bicycle. The plaintiff asserts product liability claims against the defendants Murray and Otasco based on breach of warranty, strict liability in tort, negligent manufacture and testing of the bicycle, and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312 (1982) (hereinafter "the Act"). Federal jurisdiction is predicated both on complete diversity among the parties and on 15 U.S.C. § 2310(d)(1)(B) of the Act, which provides an independent basis for federal jurisdiction under certain circumstances.

The defendants contend that the Act does not provide a federal cause of action for plaintiffs with personal injury claims; thus, that the plaintiff herein has no cause of action under the Act. Similarly, the defendants contend that the plaintiff is not entitled to attorney fees under the Act. Alternatively, the defendants argue that the plaintiff failed to satisfy 15 U.S.C. § 2310(e), which requires as a condition precedent to recovery under the Act that a consumer give the manufacturer a reasonable opportunity to cure the defect. Thus, the defendants again assert that the plaintiff may not recover damages or attorney fees under the Act.

## APPLICATION OF THE MAGNUSON-MOSS WARRANTY ACT TO PERSONAL INJURY ACTIONS

■ Courts have uniformly held that the Act does not create a federal cause of action for personal injury claims which are otherwise state law claims for breach of warranty. *See Bush v. American Motors Sales Corp.*, 575 F.Supp. 1581, 1582 (D.Col. 1984); *Gorman v. Saf-T-Mate, Inc.*, 513 F.Supp. 1028, 1029–36 (N.D.Ind.1981). Instead, personal injuries arising out of the sale of allegedly defective products generally remain a matter of state law. *Bush*, 575 F.Supp. at 1582; *see also Walsh v. Ford Motor Co.*, 588 F.Supp. 1513, 1527 (D.D.C.1984). The court has studied the case law in this area and is convinced that the Act generally should not apply to personal injury actions.

The Act clearly is intended to eliminate deceptive warranty practices. In fulfilling this purpose, the Act provides a statutory cause of action when a product of relatively small value fails to conform with its warranty. Furthermore, the Act protects against misleading language in warranties and to some extent regulates attempts to limit liability for personal injuries. Since claims brought under the Act are generally of small value, the Act guards against prohibitive legal expense by allowing a successful plaintiff to recover attorney fees.

15 U.S.C. § 2310(d)(1), which creates the private cause of action, provides in part:

[A] consumer who is damaged by the failure of a supplier, warranter, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal or equitable relief. . . .

*Id.* Despite the Congressional purpose of the Act, § 2310(d)(1) does not by its terms exclude actions for personal injury.

However, § 2311(b)(2) addresses the limited effect of the Act upon actions for personal injury:

Nothing in this chapter (other than sections 2308 and 2304(a)(2) and (4) of this title) shall (A) affect the liability of, or impose liability on, any person for personal injury, or (B) supersede any provision of State law regarding consequential damages for injury to the person or other injury.

*Id.* Thus, with three exceptions which restrict a warranter's power to disclaim or modify implied warranties, including limitations on personal injury, the Act specifically has no effect upon personal injury liability. Conversely, § 2311(b)(2) mandates that the remaining provisions of the Act neither affect nor limit a warranter's liability for personal injury.

■ The construction argued by the plaintiff could dramatically affect the liability for personal injury in many cases. For example, a personal injury suit could be brought in federal court rather than state court solely on the basis of the Act under the interpretation urged by the plaintiff. In the absence of a clear Congressional direction, this court declines to accept a statutory construction which so dramatically expands federal jurisdiction. *Cf. United States v. Bass,* 404 U.S. 336, 349–50, 92 S.Ct. 515, 523, 30 L.Ed.2d 488, 497–98 (1971) (no alteration of state-federal relationship absent clear Congressional statement of intent); *Apex Hosiery Co. v. Leader,* 310 U.S. 469, 513, 60 S.Ct. 982, 1002, 84 L.Ed. 1311, 1334 (1940) (same).

The defendants alternatively assert that the plaintiff's cause of action under the Act is barred due to the "right to cure" provision contained in § 2310(e), which provides in part:

No action . . . [with inapplicable exceptions] may be brought under [§ 2310(d)] . . . for failure to comply with any obligation under any written or implied warranty or service contract . . . unless the person obligated under the warranty or service contract is afforded a reasonable opportunity to cure such failure to comply. . . .

*Id.* Congressional reports and case law clearly demonstrate that this provision establishes a mandatory condition precedent to an action under the Act. Inasmuch as the plaintiff in deposition admitted his failure to give the warranter the opportunity to cure the defect, *i.e.,* to replace or repair the bicycle or to refund the plaintiff's purchase price, his suit under the Act is also barred in any event due to this failure.

The condition precedent in § 2310(e) clearly demonstrates the propriety of the court's determination that the Act generally does not apply to personal injury actions. However, the "right to cure" requirement serves no purpose in a personal injury context, inasmuch as a plaintiff has no knowledge of the defect until the injury occurred, and replacement or repair of the product would not be an adequate remedy for a personal injury plaintiff. The absurdity of the "right to cure" requirement in a personal injury context, contrasted with the reasonableness of such requirement in a breach of warranty situation, underscores that the Act should not apply to personal injury actions.

For the foregoing reasons, this court is persuaded that the plaintiff herein cannot prevail under the Magnuson-Moss Warranty Act. *See generally Gorman v. Saf-T-Mate, Inc.,* 513 F.Supp. 1028 (N.D.Ind.1981) (discussion of general inapplicability of the Act to personal injury actions). Inasmuch as the plaintiff cannot prevail under the Act, he may not recover attorney fees under corresponding provisions of the Act. Accordingly, the defendants' motion for partial summary judgment as to the plain-

tiff's cause of action under the Magnuson-Moss Warranty Act and for attorney fees under such Act, should be GRANTED.

Let an order issue accordingly.