Kimberly GRANT, and Exie
Grant, Plaintiffs,

v.

CAVALIER MANUFACTURING,
INC., and Buccaneer Homes,
Defendants.

No. CIV.A.02–A–901–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Oct. 29, 2002.

G. Houston Howard, II, Wetumpka, AL,
for plaintiffs.

John R. Bradwell, Montgomery, AL, for
defendants.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### Introduction

This cause is before the court on the Plaintiffs' Motion for Remand (Doc. # 7) filed on August 23, 2002. The Plaintiffs originally filed this lawsuit on July 2, 2002, in the Circuit Court of Tallapoosa County, Alabama. The Complaint alleges a claim for breach of warranty under Alabama state law and a claim under the federal Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* The Defendants received service of process on July 9, 2002, and they timely filed a Notice of Removal (Doc. # 1) to remove the action to this court on August 5, 2002. Plaintiffs seek remand on the basis that the amount in controversy does not meet the federal jurisdictional requirement for the federal claim.[1]

### Remand Standard

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Comm.,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). They may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. The Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

### Alleged Facts

From the Complaint, the following allegations are alleged. On March 18, 2000, the Plaintiffs purchased a manufactured home built by the Defendants and sold by C & C Manufactured Homes, Inc. for $26,900. The Plaintiffs purchased the home for their personal, family, or household use. According to the Plaintiffs, the Defendants expressly warranted by written warranty that the home was free from manufacturing defects in material or workmanship and that the Defendants would bear the cost of repairing any such defects. The Plaintiffs aver that the home did have several substantial manufacturing defects, including defects in the roof. The Plaintiffs state that they informed the Defendants of these defects, but the Defendants' attempted repairs have failed to remedy the alleged defects. Based on the defects, the Plaintiffs allege that they have suffered annoyance, inconvenience, and mental anguish,[2] and they complain that their home is worth less than it would have been had it been as warranted, or if the Defendants had fulfilled their duties under the warranty. The Plaintiffs seek compensatory damages in excess of $10,000. The Defendants deny the allegations.

---

1. The Plaintiffs also allege that the Defendants' Notice of Removal was procedurally defective because the Defendants failed to include the summons served on Cavalier Manufacturing, Inc. in the Notice of Removal. For the reasons discussed below, the court does not need to address this contention.

2. In *Fabry v. Commissioner,* 223 F.3d 1261, 1270 (11th Cir.2000), the court concluded that mental anguish suffered in connection with a business failure brought about by the alleged negligence and torts of a third party is a personal injury within the definition of personal injury in IRC § 104(a)(2). For the purposes of the motion to remand, the court accepts the position that mental anguish suffered in connection with an alleged breach of warranty is a personal injury. *See Greer v. United States,* 207 F.3d 322, 334 (6th Cir. 2000) ("Emotional distress, mental pain and suffering ... constitute personal injuries....").

### Discussion and Analysis

Under the Magnuson–Moss Warranty Act ("MMWA"), a consumer who is damaged by a warrantor's failure to comply with obligations under a written or implied warranty may sue for damages in either state court or federal district court. 15 U.S.C. § 2310(d)(1). Under the MMWA, however, a claim is not cognizable in federal court if "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit."[3] § 2310(d)(3)(B). With the breach of warranty allegation pleaded in the Complaint, federal court jurisdiction thus largely turns on the issue of how the $50,000 amount in controversy is calculated. In determining the amount in controversy, courts should only look to the actual claim brought under the MMWA. *See Boyd v. Homes of Legend, Inc.,* 188 F.3d 1294, 1297 (11th Cir.1999) ("[T]he only claims (in the [plaintiffs'] complaint) the district court could consider in determining whether the jurisdictional amount … has been met [are] the [plaintiffs'] claims under the Magnuson–Moss Act."); *Ansari,* 145 F.3d at 1272 (explaining that damages originating in pendent state law claims accompanying a MMWA claim should not be included in determining whether a plaintiff meets the amount in controversy requirement).

The Plaintiffs argue that because their home had an original purchase price of $26,900, the most they can recover under the MMWA is the original price of the home. That amount is clearly below the $50,000 amount in controversy requirement. They also assert that the MMWA disallows recovery for personal injury damages such as mental anguish. The Plaintiffs further allege that they can recover mental anguish damages under their Alabama state law breach of warranty claim. Interestingly, the Plaintiffs acknowledge that they will seek more than $50,000 in recovery under their state law breach of warranty claim, which will include mental anguish as an element of damages.

The Defendants counter the Plaintiffs' assertions with the argument that the Plaintiffs can recover more than $50,000 on their MMWA claim. The Defendants have cited several state court decisions that reveal jury awards in excess of $50,000 in similar cases involving defective homes and MMWA claims. The Defendants further argue that Alabama case law and the Alabama version of the Uniform Commercial Code provide for recoveries for mental anguish in breach of warranty cases. The Defendants also emphasize the fact that the Plaintiffs have not entered into any stipulation that confirms that they will not seek more than $50,000 in damages.

Courts interpreting the language of the MMWA have determined that plaintiffs cannot recover personal injury damages for claims simply alleging breach of warranty under the MMWA. *See Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1065–66 (5th Cir.1984); *Oliver v. Homes of Legend, Inc.,* No. 00–W–148–S, 2000 WL 1092130, *2, 2000 U.S. Dist. LEXIS 10960, at *7 (M.D.Ala. Apr.17, 2000). State law

---

**3.** The MMWA allows consumers who prevail in their suits under the Act to recover reasonable attorneys' fees and costs incurred in prosecuting the suit. 15 U.S.C. § 2310(d)(2). The Plaintiffs in this case are seeking to recover attorneys' fees and costs under the MMWA. The Eleventh Circuit has stated that attorneys' fees and costs that can be recovered by a prevailing plaintiff under the MMWA are not included in calculating the $50,000 amount in controversy requirement. *See Ansari v. Bella Auto. Group, Inc.,* 145 F.3d 1270, 1271–72 (11th Cir.1998) (agreeing with the Third, Fourth, Fifth, and Seventh Circuits that attorneys' fees and costs are not included in the calculation of the $50,000 jurisdictional amount).

claims involving personal injury remain unaffected. The *Boelens* court looked to § 2311(b)(2) of the MMWA which states:

Nothing in this chapter (other than sections 2308 and 2304(a)(2) and (4) of this title) shall (A) affect the liability of, *or impose liability on,* any person for personal injury, or (B) supersede any provision of state law regarding consequential damages *for injury to the person or other injury.*[4]

15 U.S.C. § 2311(b)(2) (emphasis added). The court concluded "that § 2311(b)(2) sets up a dichotomy between personal injury claims based on a breach of the substantive provisions of §§ 2308 and 2304, which are cognizable under the MMWA, and personal injury claims based only on a breach of warranty, which are not cognizable under the MMWA." *Boelens,* 748 F.2d at 1065–66. Several courts have followed the *Boelens* rationale. *See Sanks v. Parke–Davis,* No. 00–S–1122–E, 2000 WL 33910097, *3, 2000 U.S. Dist. LEXIS 20739, at *9–10 (M.D.Ala. Oct.30, 2000) (concluding that damage claims for pain and suffering cannot be used to calculate the jurisdictional requirement under the MMWA); *Oliver,* 2000 WL 1092130, *2, 2000 U.S. Dist. LEXIS 10960 at *7 (stating that "based on the court's analysis in *Boelens,* [the] plaintiff may not recover emotional distress damages under the MMWA for breach of warranty"); *Santarelli v. BP*

*America,* 913 F.Supp. 324, 333 (M.D.Pa. 1996) ("The [MMWA] does not create a private, independent cause of action for personal injuries which are otherwise state law claims for breach of warranty." (citing *Boelens,* 748 F.2d at 1068)); *Hughes v. Segal Enters., Inc.,* 627 F.Supp. 1231, 1237 (W.D.Ark.1986) ("Section 2311(b)(2) explicitly precludes the recovery of personal injury damages arising out of a breach of an implied warranty.... the Act does not create a federal cause of action for state law personal injury claims for breach of warranty."); *Schomber v. Jewel Cos.,* 614 F.Supp. 210, 214 (N.D.Ill.1985) (explaining that § 2311(b)(2) prohibits recovery of personal injury damages on a breach of warranty claim); *Washington v. Otasco, Inc.,* 603 F.Supp. 1295, 1296 (N.D.Miss.1985) ("Courts have uniformly held that the [MMWA] does not create a federal cause of action for personal injury claims which are otherwise state law claims for breach of warranty."); *Gorman,* 513 F.Supp. at 1035 ("Congress was content to let the question of personal injury products liability remain a matter of state-law causes of action, except to the extent that ... provisions in the Magnuson–Moss Act overrule contrary state laws relating ... to ... personal injury liability.").

In their Complaint, the Plaintiffs have not alleged a violation of §§ 2304(a)(2), (a)(3), or 2308.[5] The Plaintiffs simply al-

---

**4.** The *Boelens* court, following the reasoning of *Gorman v. Saf–T–Mate,* 513 F.Supp. 1028, 1035 (N.D.Ind.1981), concluded that the reference in § 2311(b)(2) to § 2304(a)(4) was an error in draftsmanship. *Boelens,* 748 F.2d at 1065. The correct cross-reference is to § 2304(a)(3), which requires that limitations on liability for consequential damages be conspicuously displayed on the warranty itself. *Id.* (quoting *Gorman,* 513 F.Supp. at 1035). In contrast, § 2304(a)(4) deals only with informal repair remedies and has little relevance to personal injury claims. *Id.*

**5.** 15 U.S.C. § 2304(a)(2) & (3) provide:

In order for a warrantor warranting a consumer product by means of a written warranty to meet the Federal minimum standards for warranty-

(2) notwithstanding section 2308(b) of this title, such warranty may not impose any limitation on the duration of any implied warranty on the product;

(3) such warrantor may not exclude or limit consequential damages for breach of any written or implied warranty on such product, unless such exclusion or limitation conspicuously appears on the face of the warranty; .....

lege that the Defendants breached the warranty on the mobile home by failing to repair the manufacturing defects in the home. Complaint, ¶ 10. The purchase price of the home at issue was $26,900. In determining whether the $50,000 jurisdictional limit is reached, economic losses relating to the purchase of the home for $26,900 may be considered as well as personal injury damages arising only from §§ 2304(a)(2), (a)(3), or 2308. *See Hughes,* 627 F.Supp. at 1239; *accord Ansari,* 145 F.3d at 1271 (economic damages suffered for breach of warranty on an automobile purchased for $15,979.44 do not support jurisdiction under the MMWA's jurisdictional amount of $50,000). Furthermore, a plain reading of § 2311(b)(2) leads to the conclusion that the statute only imposes personal injury liability for violations of §§ 2304(a)(2), (a)(3), and 2308. *See supra* note 4. Following the rationale of *Boelens,* the economic loss damages at issue in the Plaintiffs' MMWA claim are at most $26,900, and that sum is well below the jurisdictional minimum of $50,000. *See Boelens,* 748 F.2d at 1069 (calculation of $50,000 jurisdictional limit can only involve economic loss damages and not damages for personal injury or attorneys fees).

■ The Defendants counter with the argument that *MacKenzie v. Chrysler Corp.,* 607 F.2d 1162 (5th Cir.1979),[6] governs this case. *MacKenzie,* decided by the former Fifth Circuit, determined that while the MMWA was "virtually silent" as to the amount of damages that a plaintiff may be awarded, state law should fill the void and determine the "applicable measure" of damages. *Id.* at 1166. The Defendants argue that under *MacKenzie,* the court should look to Alabama state law to determine if a plaintiff can recover damages for mental anguish on a breach of warranty claim. *See id.* ("[T]he legislative history clearly implies that a resort to state law is proper in determining the applicable measure of damages under the Act."). Under Alabama law, it is settled that a plaintiff may recover damages for mental anguish on a breach of warranty claim involving the purchase of a new home. *See B & M Homes, Inc. v. Hogan,* 376 So.2d 667, 671–72 (Ala.1979) (noting that while the general rule prohibited recovery for mental anguish on a breach of warranty claim, the court recognized an exception when the purchase at issue was a residence where "[i]t was reasonably foreseeable by [defendants] that faulty construction of [plaintiff's] house would cause them severe mental anguish"). The Defendants submit that, because Alabama law allows the recovery for mental anguish on a breach of warranty claim, those possible mental anguish damages should be included in calculating the $50,000 jurisdictional amount under the MMWA.

15  U.S.C. § 2308 provides:
(a) No supplier may disclaim or modify (except as provided in subsection (b) of this section) any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product.
(b) For purposes of this chapter (other than section 2304(a)(2) of this title), implied warranties may be limited in duration to the duration of a written warranty of reasonable duration, if such limitation is conscionable and is set forth in clear and unmistakable language and prominently displayed on the face of the warranty.
(c) A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law.

6. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*MacKenzie* is binding on this court, but is only dispositive in this case if its facts are on point with the facts of the case at bar. However, as the *Boelens* court explained, *MacKenzie* does not control this set of facts. In *Boelens,* the court explained that *MacKenzie* looked to state law to determine the "measure" of damages and not the types of damages cognizable under the MMWA or the effect of § 2311(b)(2). *See Boelens,* 748 F.2d at 1064–65. In *MacKenzie,* the plaintiff purchased a 1976 Dodge Aspen for use in his newspaper delivery job. 607 F.2d at 1164. The car suffered many mechanical problems, and the plaintiff was forced to return the car to the dealer several times for repairs. *Id.* Because of delays associated with the repair of the car, the plaintiff was late in delivering his newspapers and attached notes to the papers claiming that the late delivery was caused by the failure of the dealer to fulfill the warranty on the car. *Id.* Chrysler complained to the newspaper about the plaintiff's conduct. *Id.* The newspaper subsequently fired the plaintiff, and the plaintiff sued Chrysler for breach of warranty and tortious interference with an employment contract. *Id.* at 1163. The plaintiff claimed error in the district court's refusal to give a MMWA jury instruction. *Id.* at 1166.

The court in *MacKenzie* found no error in the district court's refusal to give the MMWA instruction. *Id.* The Fifth Circuit based this decision on the conclusion that the plaintiff would recover no more under the MMWA than he would under his state law claims, making the error harmless. *Id.* According to the court, the "applicable measure" of damages under the MMWA is found by referring to state law. *Id.* Because the instruction under state law had covered the damages that the plaintiff could have recovered under the MMWA, an additional instruction based on the MMWA would have been "redundant." *Id.* Furthermore, the court explained that

the trial court determined that consequential damages were not at issue because "MacKenzie did not allege or prove damages of a physical nature. . . ." *Id.*

Conversely, *Boelens* did involve personal injury. Sue Boelens purchased a new mobile home manufactured by Redman Homes, Inc. *Boelens,* 748 F.2d at 1060. The manufacturer assembled the home from wood products containing urea formaldehyde resin. *Id.* After living in the home for a period, Sue Boelens and her daughters began to experience health problems. *Id.* They eventually brought suit against the manufacturer and the dealer for violation of the Texas Deceptive Trade Practices Act, strict products liability, negligent failure to warn of a health hazard, breach of express and implied warranties, and the MMWA. *Id.* The defendants contested the existence of federal jurisdiction under the MMWA.

The *Boelens* court distinguished *MacKenzie,* and determined that it did not control the facts of the case. 748 F.2d at 1064–65. As the *Boelens* court explained:

No claim for personal injury damages was made in *MacKenzie.* The plaintiff sought only damages for economic loss. No issue was raised whether this *type* of damages was recoverable under the MMWA. . . . Given that damages for economic loss may be assumed to be recoverable under the MMWA, we held in *MacKenzie* that a resort to state law was proper to determine "the applicable measure of damages." . . . We had no occasion to decide what *types* of damages are cognizable under the MMWA or to consider the effect of § 2311(b)(2) . . . under the MMWA. We therefore conclude that *MacKenzie* is not dispositive of the issue before us.

*Boelens,* 748 F.2d at 1064–65 (citations omitted) (emphasis in original). Despite the language in *MacKenzie* directing trial

courts to look to state law to determine the measure of damages in a claim under the MMWA, *MacKenzie* does not govern a case where the plaintiff claims personal injury for a simple breach of warranty, not under §§ 2304 or 2308. *Boelens*, 748 F.2d at 1065–66. Instead, the *Boelens* court looked to § 2311(b)(2), not state law, to determine *if* personal injury damages can be recovered under the MMWA. *Id.* at 1065–68. *MacKenzie*, on the other hand, directs courts to look to state law to determine the calculation of damages for claims that properly exist under the MMWA. 607 F.2d at 1166–67. As a result, with federal courts holding that claims for personal injury damages cannot be brought under the MMWA's breach of warranty provisions, this court should exclude from the calculation of the jurisdictional limit any personal injury damages that Alabama state law may provide to plaintiffs for a breach of warranty claim. *See Boelens*, 748 F.2d at 1069–71 (calculating amount in controversy by only looking to plaintiff's claim of economic loss).

■ The fact that the Plaintiffs may recover, and indeed seek to recover, more than $50,000 on their state law claim for breach of warranty is also irrelevant in determining the existence of federal jurisdiction. The jurisdictional amount of $50,000 can only be met by a claim for economic loss damages under the MMWA. *See Boelens*, 748 F.2d at 1069–70. In the case at bar, the court must conclude that the jurisdictional amount is not met. Absent the requisite amount in controversy under the MMWA, federal jurisdiction does not exist for this case. The court does not reach the Plaintiffs' other arguments concerning the Defendants' allegedly procedurally defective removal of this case.

### V. Conclusion

The court, finding that the § 2310(d)(3)(B) amount in controversy requirement of $50,000 is not met in this case, determines that the Plaintiffs' Motion to Remand is due to be GRANTED. A separate ORDER will be entered in accordance with this Memorandum Opinion.

### ORDER

In accordance with the Memorandum Opinion entered on this day, it is hereby ORDERED as follows:

1. Plaintiffs' Motion to Remand is GRANTED.

2. This case is REMANDED to the Circuit Court of Tallapoosa County, Alabama.

3. The clerk is DIRECTED to take appropriate steps to effect the remand.